JAMES LEINAS & others[1] *vs.* LIBERTY MUTUAL INSURANCE COMPANY & others.[2] No. 93-P-369. November 21, 1994. *Insurance*, Motor vehicle insurance, Construction of policy, Coverage.

While driving a car leased from Quality Auto Rentals (Quality), Kenneth Linscott struck and severely injured a pedestrian, James Leinas. Quality was insured under a business auto policy issued by Liberty Mutual Insurance Company (Liberty), and Liberty paid the plaintiffs what it claimed to be the full amount of coverage provided under the policy, $20,000. [3] The plaintiffs then brought this action under G. L. c. 231A, seeking a declaration that the limit of the liability insurance issued to Quality was $5,000,000. On their motion for summary judgment, the Superior Court judge concluded that Liberty's obligation under the policy was limited to $10,000 per person, $20,000 per occurrence and entered judgment for Liberty. We affirm.

1. *The undisputed facts.* Although the limit of Liberty's liability "for any one accident or loss" was set out on the declarations page of the policy as $5,000,000, there was an amendatory, "cut-back" endorsement to the policy which, as here pertinent, stated: "The insurance provided by this policy is subject to the terms, including any limit of liability, conditions, restrictions and limitations contained in the lease or rental agreement . . . ." The rental agreement contained a provision that "cut back," or limited, Liberty's liability to minimum compulsory coverage:

> "Any one authorized to drive the vehicle is covered by an automobile liability insurance policy against liability for causing bodily injury, including death, equal to the minimum amount established by the Financial Responsibility Law, or other applicable law of the state in which the vehicle is rented. A copy of the policy will be available for my inspection at your main office."

---

[1] His wife and children who claimed for loss of consortium.

[2] Kenneth Linscott and Quality Auto Rentals, Inc., doing business as Thrifty Rent-A-Car.

[3] Liberty did not obtain releases from the plaintiffs who reserved their rights to proceed to trial against Linscott and Quality.

Additional, separate clauses in the rental agreement also provided that "it shall be a violation of this Agreement if the vehicle is used in violation of any laws or ordinances applicable to the operation . . . of the vehicle," that if "any of the terms of this Agreement" are violated, "there is no insurance coverage," and that "[i]f any provision of this Agreement is prohibited by law, it shall not affect the remaining provisions." The plaintiffs' claims against Linscott are based upon allegations of his negligence and violations of various statutes and ordinances pertaining to the operation of motor vehicles.

2. *Discussion.* The plaintiffs claim that the rental agreement and amendatory endorsement frustrate the insured's reasonable expectations under the policy and render its coverage illusory. See *Liberty Mut. Ins. Co.* v. *Tabor*, 407 Mass. 354, 358 (1990) ("A provision in an insurance policy that negates the very coverage that the policy purports to provide in the circumstances where the person is liable is void as against public policy"). Contrary to its position in the *Tabor* case, *id.* at 357-360, Liberty does not in this case rely upon any of the clauses in the rental agreement that purport to limit its liability on the basis of negligent or unauthorized use of the vehicle. Rather, it takes the position that, under any circumstances, its maximum liability under the rental agreement, incorporated into its policy by the amendatory endorsement, is no more than the amount of minimum compulsory coverage.

Turning to the question whether the amendatory endorsement frustrates the expectations of the insured, we do not think that a reasonable person reading the policy and rental agreement would conclude that the coverage under the policy for any one accident was $5,000,000. Although the amendatory endorsement limiting liability is identical in its essential terms to that considered in *Liberty Mut. Ins. Co* v. *Tabor*, 407 Mass. at 357, the rental agreement is not. In the present case, the rental agreement states in plain terms that anyone "authorized" to drive the car has liability insurance in an amount equal to the minimum amount allowed by law; it would not be reasonable to conclude from that provision that greater protection is provided to an unauthorized (or authorized) driver of the leased car. Any conflict or contradiction in terms between the rental agreement and the declarations page concerning the amount of liability insurance provided by Liberty is resolved by the plain language of the "cut-back," amendatory endorsement. Contrast *id.* at 361-362 & n.8. There is in this regard no ambiguity in either the rental agreement or the amendatory endorsement, and none is created when they are read together. Based upon the severability clause in the rental agreement and our conclusion that Liberty has paid the plaintiffs the maximum amount payable under the policy, we do not consider the plaintiffs' argument that other provisions of the rental agreement and amendatory endorsement negate the coverage that the policy purports to provide.

*Judgment affirmed.*

*Mark G. Miliotis* for the plaintiffs.
*John Arthur Johnson* for Liberty Mutual Insurance Company.

