Hinkle, J.
Plaintiff Mohamed Ali Ewiess (“plaintiff’) seeks uninsured motorist benefits under a policy is *593 sued by defendant. The issue before the Court is whether such benefits are precluded by the exclusivity provision of the Workers’ Compensation Act when the policy contains a severability of interest clause.

BACKGROUND

Plaintiff alleges that he was injured on July 22, 1998 while driving in the course of his employment with Atamian Volkswagen, Inc. The vehicle he was driving at the time of the accident, was owned and insured by his employer. An unidentified vehicle caused plaintiffs injuries.
The defendant has moved for summary judgment, and plaintiff has filed a cross-motion for partial summary judgment. For reasons set forth below, neither motion is allowed at this time.

DISCUSSION

In compensation for his injuries plaintiff received workers’ compensation benefits from his employer’s insurer. Defendant now argues that the exclusivity provision of the Workers’ Compensation Act, G.L.c. 152, §23 (“the Act”), bars plaintiffs claim for uninsured coverage. Plaintiff contends that, despite the exclusivity provision, severability language in the policy permits recovery against defendant because the named insureds in the policy include entities who are not his employer.
The named insureds under the policy are numerous. In addition to plaintiffs employer, Atamian Volkswagen, Inc., they include Atamian Honda, Atamian Leasing, Robert Atamian Realty Trust, Atamian Advertising and “all subsidiary, affiliated, associated or allied companies, corporations, firms, entities, organizations, trusts, partnerships, or joint ventures as now or hereafter constituted for which the named insured has the responsibility for placing insurance and for which similar coverage is not otherwise more specifically provided. And any employee benefit plan or trust now in operation or hereinafter created which is subject to the employee retirement income security act of 1974."
The exclusivity provision of the Act, M.G.L.c. 152, §23, provides:
If an employee files any claim or accepts payment of compensation on account of personal injury under this chapter, or submits to a proceeding before the department under sections ten to twelve, inclusive, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury or makes an agreement under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury.
In Berger v. H.P. Hood, Inc., 416 Mass. 652, 656-57 (1993), the Supreme Judicial Court held that this provision bars an employee from recovering uninsured motorist benefits from both his employer and the employer’s insurer. The SJC held that any suit against the insurer is essentially a suit against the employer, as owner of the policy. The SJC stated that while the exclusivity provision bars a plaintiff from uninsured motorist benefits from an employer, it does not bar a claim against an employer’s wholly-owned subsidiary who owned the vehicle the employee drove at the time of the injury. Id. At 657-58.
Plaintiff claims that Lumberman's Mutual Casualty Co. v. Hanover Ins. Co., 38 Mass.App.Ct. 53 (1995), governs this case. In Lumberman’s, the plaintiff was injured while driving a truck leased to his employer. The other vehicle involved in the accident was unidentified. The policy issued to the employer lessee provided in relevant part: “The owner . . . from whom you hire or borrow a covered auto ... is an insured while the covered auto ... is being used exclusively in your business." Id. at 55. By operation of this clause, the lessor became an insured party under the policy.
The policy also contained a severability provision which stated: “Except with respect to our limit of liability, the Insurance afforded applied separately to each insured who is seeking coverage or against whom a claim is made or suit is brought.” Id. The policy specifically excluded coverage for individuals entitled to workers’ compensation benefits.
In Lumberman’s the plaintiff argued that the sever-ability clause and the lessor’s status as an insured party meant that the policy exclusion did not preclude plaintiff from pursuing a claim against an insured who was not the plaintiffs employer. Since there were two insureds in Lumberman's, the lessee and the lessor, plaintiff claimed it was entitled to recover from the non-employer insured. The Appeals Court agreed. The court held that the severability provision operated as if a separate policy were issued to the lessor. Id. at 59.
Based upon Lumberman’s, I find and rule that the severability provision in defendant’s policy[2] allows plaintiff to recover uninsured motorist benefits from any insured not plaintiff s employer. The inquiry would ordinarily end there except that the relationship among the named insureds is unclear from the summary judgment record. If plaintiff can demonstrate that at least one named insured is legally distinct from Atamian Volkswagen, Inc., plaintiff is entitled to partial summary judgment. Conversely, if defendant shows that no such distinction exists, it is entitled to judgment. Thus, neither motion for summary judgment will be allowed at this time.
Defendant also argues that plaintiff cannot recover uninsured motorist benefits because the vehicle driven by plaintiff at the time of the accident was owned only by his employer. Ownership, however, is not a prerequisite for uninsured motorist coverage in this case. M.G.L.c. 175, §113L states:
*594 Any injured occupants who are not named insureds on a policy and who are not insured on a resident relative’s policy may obtain uninsured motorist coverage from the named insured's policy covering the vehicle they occupy when injured.
This statute does not require that an individual seeking to obtain uninsured motorist coverage must seék such benefits from an owner’s policy. Rather, the statute provides that the injured party may seek coverage from a named insured’s policy.

ORDER

For the foregoing reasons, the cross motions for summary judgment are DENIED.

 The severability provision in this case provides: “Covert age under this policy applies individually to the interest of each insured in the same manner and to the same extent as if a separate policy had been issued to each insured, but this provision shall not increase this policy’s limit of liability.”