Hinkle, J.
Plaintiff Mohamed Ali Ewiess (“plaintiff’) seeks a declaration that he is entitled to uninsured motorist benefits under a policy issued by defendant. Before the court are renewed motions for summary judgment. For the reasons set forth below, after a hearing, defendant’s motion is DENIED, and plaintiffs motion is ALLOWED in part.

BACKGROUND

Plaintiff was seriously injured on July 22, 1998 while driving in the course of his employment with Atamian Volkswagen, Inc. (“Atamian Volkswagen”). The vehicle plaintiff was driving was owned and insured by his employer. An unidentified vehicle caused plaintiffs injuries.
The parties filed previous motions for summary judgment. In those pleadings, defendant argued that plaintiff was not entitled to uninsured motorists benefits based on the exclusivity provision of the Massachusetts Workers’ Compensation Act, G.L.c. 152, §23. Plaintiff claimed that despite the exclusivity provision the severability language in the policy permitted his recovery because the named insureds include entities other than plaintiffs employer. By Memorandum of Decision and Order dated August 8, 2001, I held that the severability provision in defendant’s policy allows plaintiff to recover uninsured motorist benefits from any insured not plaintiffs employer [13 Mass. L. Rptr. 592], In that memorandum, I denied the then pending motions for summary judgment because it was unclear from the record whether plaintiff could show that at least one named insured was legally distinct from plaintiffs employer. I stated that plaintiff would be entitled to partial summary judgment if he could show such a distinction, but defendant would prevail if it demonstrated that no distinction exists.

DISCUSSION

The present summary judgment motions raise two questions: (i) whether a named insured is distinct from plaintiffs employer, and (ii) if so, the amount of coverage available to plaintiff under defendant’s policy. Turning first to the legal distinction among the named insureds, defendant's policy includes Endorsement ILE-022 (8/91), which states:

GENERAL POLICY ENDORSEMENTS

A. NAMED INSURED:
ATAMIAN VOLKSWAGEN, INC.
ATAMIAN HONDA
ATAMIAN LEASING
ROBERT ATAMIAN REALTY TRUST
ATAMIAN ADVERTISING
AND ANY AND ALL SUBSIDIARY, AFFILIATED, ASSOCIATED OR ALLIED COMPANIES, CORPORATIONS, FIRMS, ENTITIES, ORGANIZATIONS, TRUSTS, PARTNERSHIPS OR JOINT VENTURES AS NOW OR HEREAFTER CONSTITUTED FOR WHICH THE NAMED INSURED HAS THE RESPONSIBILITY FOR PLACING AND FOR WHICH SIMILAR COVERAGE IS NOT OTHERWISE MORE SPECIFICALLY PROVIDED.
AND ANY EMPLOYEE BENEFIT PLAN OR TRUST NOW IN OPERATION OR HEREINAFTER CREATED WHICH IS SUBJECT TO THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974.
Defendant argues that plaintiff has failed to identify a named insured which is legally distinct from plaintiff s employer because (i) Atamian Honda was a fictitious business name or a doing business as (“d/b/a”) name of Atamian Volkswagen; (ii) Atamian *578 Leasing was not a legal entity at the time of plaintiff s accident as it was dissolved on December 31, 1990; and (iii) Atamian Advertising was a proposed d/b/a name under consideration for use by Atamian Volkswagen.
Plaintiff concedes that Atamian Honda, Atamian Leasing and Atamian Advertising were not legally distinct entities from Atamian Volkwagen at the time of the accident. The issue then becomes whether the remaining named insured, Robert Atamian Realty Trust (“the Trust”), is legally distinct from Atamian Volkswagen. Defendant argues that this question should be answered in the negative because on July 22, 1998, Robert Atamian was the sole corporate officer and director of Atamian Volkswagen and the sole trustee and majority shareholder of the Trust. However, a corporation is an independent legal entity, separate from its officers and directors, Spaneas v. Travelers Indem. Co., 423 Mass. 352, 354 (1996), and trustees are legally distinct from trusts. Tatarian v. Commercial Union Ins. Co., 41 Mass.App.Ct. 731, 734 (1996). Thus, on the day of plaintiffs accident, the Trust was legally distinct from Atamian Volkswagen. Therefore, pursuant to my August 8, 2001 decision, plaintiff is entitled to recover uninsured motorist benefits under defendant’s policy.
Having decided that question in plaintiffs favor, the next issue is the amount of coverage to which plaintiff is entitled. Defendant argues that plaintiffs recovery cannot exceed $20,000 under the limits on the declarations page of defendant’s policy. Plaintiff, on the other hand, claims that he is entitled to the $250,000/$500,000 coverage limit contained in an amendatory endorsement.
A court must construe the words of an insurance policy in their usual and ordinary sense. Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275, 280 (1997). A policy term is ambiguous if it is susceptible of more than one meaning, and reasonably intelligent persons would differ as to which meaning is proper. McCarthy v. Tobin, 44 Mass.App.Ct. 274, 278 n. 7 (1998). An ambiguity is not created simply because a controversy exists in interpreting a policy. Jefferson Ins. Co. of New York v. City of Holyoke, 23 Mass.App.Ct. 472, 475.
Defendant’s policy was issued subject to Uninsured Motorists Coverage-Massachusetts, Endorsement MM 99 28 07 94 (“UM Endorsement”). The UM Endorsement contains a section entitled “Limits of Insurance” which states in relevant part:
The most we will pay for injuries to one or more persons as a result of bodily injury to any one person in any one “accident” is shown on the Declarations as the “each person” limit. Subject to this limit, the most we will pay for injuries to two or more people as the result of bodily injury to two or more people in any one “accident” is shown on the Declarations as the “each accident" limit. This is the most we will pay as the result of a single “accident.”
As noted, the Declarations Page provides that the “each person” limit for uninsured coverage is $20,000.
Defendant’s policy is subject to Amendatory Endorsement BAP-014 (5/96), entitled “Uninsured Motorists and Underinsured Motorists Coverages,” which states in part:
It is understood and agreed that in consideration of the premium at which this policy is written the following individuals and, while resident of the same household, their spouse and relatives of either, are provided Limits of $250,000 each Person and $500,000 each accident under:
(indicate appropriate coverage)
X Uninsured Motorist Coverage
X Underinsured Motorist Coverage (list individuals)
Mr. & Mrs. Reed Atamian
Mr. & Mrs. Robert Atamian
Robert Atamian
Robyn Atamian
Defendant’s policy also is subject to “Drive Other Car Coverage” Endorsement MC 25 19 (1/90), which states as follows:
The insurance afforded by the policy under Protection Against Uninsured or Underinsured Motorists applies to the named insured if an individual, to the person named in the schedule and, if a resident of the same household, his or her spouse and any relative of either, while occupying, or while a pedestrian, when struck by a motor vehicle not owned by any insured, unless such named insured, named person, and if a resident of the same household, the spouse and relative of either, has a Massachusetts Automobile Insurance Policy of a relative resident in the same household providing similar coverage.
The referenced schedule lists the same individuals provided with coverage limits of $250,000/6500,000 as in Endorsement BAP-014 (5/96) and indicates that these individuals have paid premiums to be afforded, among other things, uninsured motorist coverage.
Defendant argues that the limits of $250,000/6500,000 apply only to the individuals listed on the endorsement. In support of this argument, defendant relies on Leinas v. Liberty Mutual Ins. Co., 37 Mass.App.Ct. 952, 953 (1994), where the Appeals Court held that it was permissible for an automobile insurance policy to provide different limits of liability to different insureds. In Leinas, plaintiff argued that the $5,000,000 limit of liability on the declarations page of the defendant’s policy issued to an automobile rental company was available to the plaintiff. The court disagreed, finding that a reasonable person who read the policy and the rental agreement would not conclude that coverage for any one accident wás $5,000,000. The court stated that any *579 conflict between the rental agreement and the declarations page concerning the amount of coverage provided by defendant is resolved by the plain language of the amendatory endorsement. Analogizing to Leinas, defendant argues that the plain language of Amendatory Endorsement BAP-014 (1/96) states that only the listed individuals are entitled to its higher coverage, and that it is unreasonable for plaintiff to conclude that he was an intended insured under the endorsement.
In my view, the language of Amendatory Endorsement BAP-014 (5/96) and Endorsement MC 2519 (1/90) is unambiguous. It applies only to the individuals specifically listed. The fact that these individuals are “listed” does not transform them into “named insureds.” See Jacobs v. U.S. Fidelity & Guar. Co., 417 Mass. 75, 78 (1994) (the phrase “named insured” has a clear and explicit meaning, namely, the individual or entity listed on the declarations page). Because I find and rule that the “listed” individuals are not “named insureds" under defendant’s policy, it follows that the only named insured from whom plaintiff can recover in this case is Robert Atamian Realty Trust. As such, plaintiff is subject to the limited uninsured motorist coverage set forth in the Declarations Page.

ORDER

For the foregoing reasons, defendant’s renewed motion for summary judgment is DENIED, and plaintiffs renewed motion is ALLOWED in part. It is further ORDERED and DECLARED that plaintiff is entitled to recover uninsured motorist benefits under defendant’s insurance policy subject to the $20,000 limit in the Declarations Page.