RICHARD C. JACOBS & another[1] *vs.* UNITED STATES
FIDELITY & GUARANTY COMPANY.

Suffolk. October 5, 1993. - February 11, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, & O'CONNOR, JJ.

*Insurance*, Underinsured motorist, Construction of policy. *Corporation*,
   Officers and agents.

An employee of a corporation was not a "named insured" for purposes of
   the underinsured motorist coverage of a standard policy of motor vehi-
   cle insurance that, on its face, listed the corporation as the named in-
   sured. [76-79]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 4, 1992.

The case was heard by *Charles F. Barrett*, J., on motions
for summary judgment.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Alex H. MacDonald* (*Michael D. Lurie* with him) for the
plaintiffs.

*Alice Olsen Mann* for the defendant.

LIACOS, C.J. The plaintiffs, Richard C. Jacobs and Anne
Jacobs, brought this action against United States Fidelity &
Guaranty Company (USF&G) alleging that they were enti-
tled to underinsured motorist coverage benefits under a pol-
icy issued by USF&G to Richard Jacobs' employer, Sgarzi
Pontiac-Buick, Inc. (Sgarzi), and that USF&G had violated
G. L. c. 93A (1992 ed.) and G. L. c. 176D, § 3 (9) (1992
ed.), by denying their claims. They sought a declaratory
judgment that the insurance contract between USF&G and
Sgarzi provided coverage for their claims.

---

[1]Anne Jacobs.

USF&G filed a counterclaim seeking a declaration that Jacobs was not covered by the policy and that USF&G had not violated c. 93A or c. 176D, § 3 (9). USF&G moved for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), and the plaintiffs also moved for summary judgment. A judge in the Superior Court allowed USF&G's motion for summary judgment on the ground that the applicable provisions of the policy did not provide coverage for Jacobs because he was not the "named insured." The plaintiffs appealed and we transferred the case to this court on our own motion. The plaintiffs argue that, although the policy designates the corporation as the "named insured," Jacobs, as an employee acting within the scope of his employment while injured, is entitled to recover. We disagree, and affirm the judgment of the Superior Court.[2]

The material facts are undisputed. The plaintiff Richard C. Jacobs (Jacobs) was an employee of Sgarzi. In the course of his employment, while walking across a public way, Jacobs was struck and seriously injured by an automobile driven by Roseanna McGlone. After Jacobs had recovered the full amount of liability insurance available under McGlone's policy ($25,000), he sought coverage under a provision of Sgarzi's Massachusetts motor vehicle garage policy, which USF&G had issued. This policy provided underinsured motorist coverage of $100,000 to, among others, "[t]he named insured, if injured as a pedestrian or while occupying an automobile not owned by the named insured. . . ."

The policy is one prescribed by statute, with standard language controlled by the Division of Insurance. *Bilodeau* v. *Lumbermens Mut. Casualty Co.*, 392 Mass. 537, 541 (1984). The determinative question is whether Jacobs properly qualifies as "the named insured." We must construe the words of the policy according to the fair meaning of the language used, as applied to the subject matter. *Johnson* v.

---

[2]We note that in *Berger* v. *H.P. Hood, Inc.*, 416 Mass. 652 (1993), we held that "the exclusivity provision of [the] Workers' Compensation Act bars an employee from recovering [underinsurance benefits] from an employer for an injury in the course of employment." *Id.* at 655.

*Hanover Ins. Co.*, 400 Mass. 259, 266 (1987). *Bilodeau* v. *Lumbermens Mut. Casualty Co.*, *supra*. Moreover, where the words of an insurance contract are "plain and free from ambiguity they must be construed in their usual and ordinary sense." *Hanover Ins. Co.* v. *Ramsey*, 405 Mass. 1101, 1101 (1989), quoting *Sherman* v. *Employers' Liab. Assurance Corp.*, 343 Mass. 354, 356 (1961). See *Cardin* v. *Royal Ins. Co.*, 394 Mass. 450, 453 (1985).

The policy lists "Sgarzi Pontiac-Buick, Inc.," as the named insured on its face. Neither party suggests that the relevant terms are ambiguous. For Jacobs to be afforded coverage then, he must show that he is in the position of the named insured, Sgarzi.[3] To this end, he argues that where, as here, the named insured is a corporation, officers and employees of the corporation are covered by the terms of the policy that may only apply to natural persons. Since the policy provides coverage for "a pedestrian" in certain circumstances, and since a corporation can never be a pedestrian, the argument goes, that clause of the policy must apply to officers and employees of the corporation, else it will never apply.

To support this conclusion, Jacobs relies on the general principles of construction that "[e]very word and phrase must be presumed to have been employed with a purpose and must be given meaning and effect whenever practicable," *Wrobel* v. *General Accident Fire & Life Assurance Corp.*, 288 Mass. 206, 209-210 (1934), and that "[a]n interpretation which gives a reasonable meaning to all of the provisions of a contract is to be preferred to one which leaves a part useless or inexplicable." *Sherman* v. *Employers' Liab. Assurance Corp.*, *supra* at 357. We agree with the judge below that Jacobs asks too much of these principles. As the judge wrote: "In effect, [Jacobs] is asking the court to write a new

---

[3]Jacobs does not argue that he is entitled to coverage as a "resident relative" of the named insured. See G. L. c. 175, § 113L (5) (1992 ed.). The Appeals Court recently rejected such an argument in its well-reasoned opinion in *Andrade* v. *Aetna Life & Casualty Co.*, 35 Mass. App. Ct. 175, 178-179 (1993).

paragraph into the policy that says 'wherever the named insured is a corporate entity, employees of that corporate entity shall be treated as [the] named insured when injured as pedestrians.' Such judicial draftsmanship goes beyond merely giving effect to policy provisions 'whenever [practicable].' *Wrobel, supra* at 210."

"Named insured" has a clear and explicit meaning. It is the individual or entity who is listed on the declarations page. We need not substitute the definition favored by the plaintiffs to give "a reasonable meaning to" or explain the provision. See *Sherman, supra.* It is self-explanatory: Sgarzi is the named insured. Jacobs is not.[4]

Between the time when the parties filed their briefs and when we heard oral argument, we issued our decision in *Thattil* v. *Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc.,* 415 Mass. 381 (1993). In that case, an individual sister of a religious order was injured as a pedestrian and sought underinsurance benefits from the order's corporate policy. We held that she was entitled to coverage despite the fact that the religious corporation was listed as the named insured. *Id.* at 389-390. Far from stating a general principle that a corporate "named insured" encompasses officers and employees, however, *Thattil* was clearly based on "unique circumstances," *id.* at 390, not repeated here.

The unique circumstances arose because the plaintiff in *Thattil* was a Dominican sister who had "renounced her right to material goods and ha[d] recognized that everything belongs to the community." *Id.* at 388. As such, this court concluded that she had "merged her identity with that of the Order" (which was the corporate named insured). *Id.* Sister Thattil was prohibited, by virtue of her vows, from owning

---

[4]Not all underinsurance contingencies provided for by the policy depend on the named insured being a natural person. For example, "[a]ny other person while occupying an insured automobile" could be entitled to recover under the policy. Therefore, the fact that Sgarzi paid a premium for uninsured and or underinsurance coverage in no way sways us to Jacobs' point of view.

an automobile and therefore could not carry her own automobile liability insurance. Representatives of the defendant insurance company were aware of the circumstances in which the Sisters lived, and had not informed them that the Sisters would not be covered under the policy. Thus, we held that excluding Sister Thattil as a named insured would have led to an unconscionable result. *Id.* at 389.[5]

In contrast, Jacobs' relationship with Sgarzi was that of employer-employee. Nothing inherent in that relationship prevented him from owning his own automobile and carrying his own underinsurance coverage, both of which he did.[6] He does not (and indeed could not) argue that he *was* Sgarzi Pontiac-Buick in the way that the court held Sister Thattil *was* the Dominican Sisters.

*Thattil* implicitly set forth the general rule that, for purposes of uninsured and underinsurance benefits, officers and employees of a corporation do not qualify as named insureds when the corporation is listed as the named insured. We take this opportunity to announce the rule expressly. We note that courts in other jurisdictions have done likewise. See, e.g., *Chastain* v. *United States Fidelity & Guar. Co.*, 199 Ga. App. 86, 87 (1991); *Cutter* v. *Maine Bonding & Casualty Co.*, 133 N.H. 569, 573 (1990); *Sproles* v. *Greene*, 329 N.C. 603, 609 (1991).

Because Jacobs did not qualify as the named insured, the judge properly entered a declaration to that effect. Jacobs' claims that USF&G violated G. L. c. 93A and G. L. c. 176D, § 3 (9), and his wife's claims for loss of consortium,

---

[5]We note that three Justices felt that, even in the unique circumstances presented, it was improper and unfair to consider an individual the named insured of a corporation's policy. See *Thattil* v. *Dominican Sisters of Charity of the Presentation of the Blessed Virgin, Inc.*, 415 Mass. 381, 390-392 (1993) (O'Connor, J., dissenting, with whom Wilkins and Greaney, JJ., joined).

[6]Indeed, the plaintiffs apparently had underinsurance coverage through the policy issued for an automobile they owned. No benefits were available, however, because the policy did not provide coverage when the limits of coverage elected (in this case, $20,000), were lower than the tortfeasor's bodily injury liability coverage limits (in this case, $25,000).

were also properly disposed of by summary judgment, as they depend on a determination that Jacobs was entitled to benefits under the terms of the policy. See *Vaiarella* v. *Hanover Ins. Co.*, 409 Mass. 523, 530 (1991).

*Judgment affirmed.*