O’Brien, J.
In February 1994, plaintiff Carolyn Swift (Swift) and plaintiff Anne Francis (Francis) were attacked by Ralph W. Goff, Jr., (Goff). At that time, Goff was insured by Fitchburg Mutual Insurance Company (Fitchburg). In November 1994, Swift and Francis sued Goff to recover for their injuries. Goff, in turn, sought representation from Fitchburg pursuant to the insurance contract which was ultimately denied. In July 1996, -without Fitchburg, the parties agreed to enter judgment in favor of Swift and Francis. Shortly thereafter, Swift and Francis obtained an execution against Goff in excess of $107,000. Meanwhile, Goff was prosecuted for attacking Swift and Francis and, in January 1995, Goff was found not guilty by reason of a mental illness.
In September 1996, Swift and Francis filed this action against Fitchburg after Goff agreed to let them seek payment from Fitchburg. The complaint is in three counts but the gravamen of their claim is that Fitchburg, as Goffs insurer, must pay for plaintiffs’ injuries sustained at the hands of Goff. This court is ruling on plaintiffs’ partial motion for summary judgement and defendant Fitchburg’s cross-motion.
For the reasons discussed below, defendant Fitchburg’s cross-motion for summary judgment is allowed and all other motions are denied.
DISCUSSION
Goffs homeowners insurance policy with Fitchburg covers, among other things, personal liability. However, the policy contains the following exclusion;
1. Coverage E — Personal Liability . . . do[es] not apply to Bodily Injury" . . .
a. Which may reasonably be expected to result from the intentional or criminal acts of an “insured” . . .
Swift and Francis argue that the policy covers Goffs 1994 attack because the policy excludes only “intentional” acts. They assert that Goffs 1994 attack was not “intentional” because he had a mental illness at the time. Fitchburg, however, argues that there is no need to determine whether Goffs acts were “intentional" because the policy also excludes “criminal acts” and Goffs 1994 behavior amounts to “criminal acts.”
A motion for summary judgment shall be'granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Wheatly v. American Telephone & Telegraph Co., 418 Mass. 394, 397 (1994); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c).
The moving party bears the burden of showing that there is no genuine issue as to any material fact on eveiy relevant issue, and that the moving party is entitled to judgment as a matter of law. The burden may be satisfied by either submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating “that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991) (approving standard articulated in Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991).
*309 Finally, according to Mass.R.Civ.Pro. 56(c), “[s]ummary judgment, when appropriate, may be rendered against the moving party."
This court rules that defendant Fitchburg’s cross motion for summary judgment is allowed because Fitchburg has demonstrated that Swift and Francis have no reasonable expectation of proving that the insurance policy covers the 1994 attack. Plaintiffs’ injuries were the result of Goffs criminal acts, namely the 1994 assault and battery. According to the explicit, unambiguous terms of the exclusion provision set forth above, there is no coverage for “bodily injury” that “results from . . . criminal acts.” See, Jacobs v. United States Fidelity & Guar. Co., 417 Mass. 75, 77 (1994) (no ambiguity, construe in “usual and ordinary sense”).
Moreover, Plaintiffs’ assertion that Goffs 1994 acts were neither “intentional” nor “criminal” within the meaning of the exclusion provision because Goff had a mental illness, is without merit. Insanity negates criminal intent or mens rea. See, Commonwealth v. Scott, 408 Mass. 811, 827 (1990).[3] However, insanity does not negate the criminal act or actus reus. Therefore, in the case at bar, nothing changes the fact that Goff perpetrated “criminal acts,” that such acts are not covered by the insurance policy, and that Fitchburg is entitled to summary judgment.
ORDER
Based upon the foregoing, it is hereby ordered that defendant Fitchburg’s cross-motion for summary judgment is ALLOWED and all other motions are DENIED.

 In Massachusetts, a person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he lacks substantial capacity either to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. Commonwealth v. McHoul 352 Mass. 544, 546-55 (1967).