MICHAEL GABRIEL *vs.* THE PREMIER INSURANCE COMPANY OF MASSACHUSETTS.
January 18, 2006. *Insurance,* Motor vehicle insurance, Uninsured motorist. *Motor Vehicle,* Insurance.

This case presents the question whether, under G. L. c. 175, § 113L, and the standard Massachusetts automobile insurance policy, seventh edition, uninsured motorist benefits are available to an insured operator injured as the result of the combined negligence of two tortfeasors, one of whom is insured under an automobile liability insurance policy, and the other of whom is an unidentified hit and run driver, where the injured person has received indemnity payment from the insurance carrier for the identified tortfeasor, but where such payment is insufficient fully to compensate the injured operator for his damages.

We conclude that the outcome is controlled by our decision in *Norfolk & Dedham Mut. Fire Ins. Co.* v. *Quane*, 442 Mass. 704 (2004), and, for the reasons stated, such uninsured motorist benefits are available under the statute and the plain terms of the policy under which Michael Gabriel is an additional named insured. We concluded that uninsured motorist benefits were available under an operator's policy in circumstances where his injuries resulted from the combined negligence of the operators of two vehicles, but where indemnification was not available from one of the tortfeasors' insurers because it had become insolvent. *Id.* at 705. See G. L. c. 175D, §§ 3, 5 (1) (*a*). Here, indemnification is not available from the second tortfeasor because he is an unidentified hit and run driver and is, therefore, treated as an uninsured operator under the terms of the policy under which Gabriel was insured. Our conclusion in the *Quane* case, that uninsured motorist benefits are available where the claimant's injuries arise from the combined negligence of two tortfeasors, one of whom lacks automobile liability insurance, applies equally in the present circumstances. The summary judgment for the defendant, Premier

Insurance Company of Massachusetts, is therefore vacated, and the matter is remanded for further proceedings consistent with this opinion.

*So ordered.*

*James M. Walsh* for the plaintiff.
*Peter E. Heppner* for the defendant.