NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1387                                    Appeals Court

USF INSURANCE COMPANY  vs.  DAVID LANGLOIS & others,[1] trustees,[2] & others.[3]

No. 13-P-1387.

Essex.      May 6, 2014. - July 22, 2014.

Present: Rapoza, C.J., Brown, & Berry, JJ.

Insurance, Fire, Business owner's policy, Construction of policy, Insured, Illegal acts exclusion. Contract, Insurance, Construction of contract.

Civil action commenced in the Superior Court Department on December 23, 2010.

The case was heard by James F. Lang, J., on motions for summary judgment.

Mark I. Zarrow for the defendants.
Thomas M. Tang for the plaintiff.

---

[1] Robert Langlois, Bruce Langlois, and Richard J. Langlois.

[2] Of the Langlois Family Realty Trust, also known as the Langlois Family Trust.

[3] Smith's Tavern, Inc. of Haverhill, also known as Smith's Tavern of Haverhill, Inc.; and David Langlois, Robert Langlois, Bruce Langlois, and Richard J. Langlois in their capacities as directors of Smith's Tavern, Inc. of Haverhill.

BROWN, J.  The defendants appeal the declaratory judgment allowing the plaintiff's motion for summary judgment.  We affirm.

1.  Background.  The facts giving rise to this action are undisputed.  In 1983, the Langlois Family Realty Trust (trust) was formed to hold legal title to real estate in Haverhill. Richard A., Robert, and David Langlois were the original trustees, and Richard J. and Bruce Langlois were, respectively, first and second successor trustees.[4]  Richard A. passed away in 1988; however, the trust provided that David and Robert would continue as trustees and that Bruce would only serve as trustee upon the deaths of the original three.  Robert, David, Richard J., and Bruce were named the beneficiaries, as joint tenants with rights of survivorship.[5]

Smith's Tavern, Inc. of Haverhill (corporation) leased a building owned by the trust.  Robert, David, Richard J., and Bruce all served as directors of the corporation.[6]  The

---

[4] Richard A. is the father of Robert, David, Richard J., and Bruce.

[5] We note that on April 4, 2012, the trust was modified, removing Bruce as a successor trustee and as a beneficiary.

[6] We note that as of March 1, 2011, Bruce was removed as a director of the corporation and that in or about April, 2012, Bruce transferred his shares of stock to the corporation.

corporation operated as a bar and restaurant. David and Robert managed the restaurant; Bruce worked as a bartender.

In July, 2010, the plaintiff, USF Insurance Company, issued an insurance policy with the "Named Insured" listed as "LANGLOIS FAMILY TRUST AND SMITH'S TAVERN OF HAVERHILL, INC." The policy provided a coverage limit of $20,000 for loss of business personal property and a coverage limit of $150,000 for loss of the building. The policy also contained an exclusions provision, explaining that the plaintiff would not pay for loss or damage caused by "[d]ishonest or criminal act[s] by you, any of your partners, members, officers, managers, employees . . . , directors, trustees, . . . or anyone to whom you entrust the property for any purpose."

On November 12, 2010, Bruce set fire to the building leased by the corporation and was charged with arson. He pleaded guilty, confessing that he acted with animus towards his estranged brothers. The loss was reported to the plaintiff, which then brought this declaratory judgment action to determine its coverage obligations under the policy.[7] On cross motions for summary judgment, the judge ruled in favor of the plaintiff, concluding that due to Bruce's act, both the corporation's and

---

[7] The complaint named as defendants the trust, the corporation, and Robert, David, Richard J., and Bruce in their capacities as trustees of the trust and directors of the corporation.

the trust's interests were subject to the exclusions provision of the policy.  This appeal ensued.

2.  Discussion.  a.  The policy.  As "[t]he interpretation of an insurance contract is not a question of fact for the jury," summary judgment is appropriate.  Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982).  Therefore, we review the matter de novo to determine "whether the evidence, viewed in the light most favorable to the nonmoving party, shows that the moving party is entitled to judgment as a matter of law."  Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 (2010) (footnote omitted).

On appeal, the defendants allege various ambiguities in the insurance policy.  As a threshold matter, we note that ambiguities in an insurance policy are resolved against the insurer, in favor of the insured.  Chow v. Merrimack Mut. Fire Ins. Co., 83 Mass. App. Ct. 622, 630 (2013).  Alternatively, if the language in the policy is unambiguous, its terms will be construed according to their plain meaning.  Sullivan v. Southland Life Ins. Co., 67 Mass. App. Ct. 439, 442 (2006).

When they executed the policy, the defendants understood that the trust's building and the corporation's personal property were being insured.  See Hazen Paper Co. v. United States Fid. & Guar. Co., 407 Mass. 689, 700 (1990) (when construing insurance policy, we consider "what an objectively

reasonable insured . . . would expect to be covered"). Accordingly, the defendants understood that both the trust and the corporation were named insureds under the policy. See Jacobs v. United States Fid. & Guar. Co., 417 Mass. 75, 78 (1994) ("'Named insured' has a clear and explicit meaning. It is the individual or entity who is listed on the declarations page"). The fact that "Named Insured" is listed in singular form on the declarations page is not material and does not present an ambiguity.

Likewise, the policy's "BUILDING AND PERSONAL PROPERTY COVERAGE FORM" defines the terms "you" and "your" throughout the policy to mean the "Named Insured shown in the Declarations." Applying this definition, the policy excludes coverage to the named insured whose dishonest or criminal act causes loss or damage to the insured property. The defendants understand this, evidenced by the fact they concede that the corporation is barred from recovering for damages to its personal property, as Bruce was a director of the corporation at the time he committed the arson.

b. Innocent coinsured. The defendants' principal argument on appeal is that the trust, the innocent coinsured, should not be barred from recovering insurance proceeds for the loss of the building. This issue is controlled in material respects by the reasoning in Kosior v. Continental Ins. Co. 299 Mass. 601

(1938).  There the court held that if the coinsureds' interests in an insurance policy are joint and nonseverable, the innocent coinsured may not recover fire insurance after the blamable coinsured intentionally burned the covered property.  See id. at 604 ("Cases dealing with policies which by their express terms permit of a severance of interest of the insured are not in point").  See also Yerardi v. Pacific Indem. Co., 436 F. Supp. 2d 223, 248 (D. Mass. 2006) ("Kosior may not apply to cases where the insureds' interests and obligations under the relevant policy are severable").

We think the judge properly determined that there was no genuine dispute that the trust's and the corporation's interests were "inextricably intertwined" and thus nonseverable.  At the time of the fire, all four brothers were directors of the corporation, each sharing a twenty-five percent ownership interest, and two of the four brothers (Robert and David) were named trustees of the trust with the other two brothers (Richard J. and Bruce) listed as successor trustees.  In addition, all four brothers were named beneficiaries of the trust, each holding joint interests with rights of survivorship.  Moreover, the policy goes further and excludes recovery for loss or damage caused by "anyone to whom you entrust the property for any purpose."  Though the Langlois family attempted to cover their bases by listing the trust and the corporation as separate

entities in the policy, it still follows that the trust entrusted the corporation with the care of the building. Consequently, despite the trust's innocence, Bruce's intentional arson left the entire insurance policy subject to the exclusionary provision.  See Kosior v. Continental Ins. Co., supra at 604 (husband unilaterally "burning the insured buildings was an act of the 'insured,' . . . which rendered the policies void in accordance with their terms").

c.  Standard form policy.  We do not address the defendants' argument regarding the Massachusetts standard form policy because this issue was raised for the first time on appeal and therefore is deemed waived.  See Martins v. University of Mass. Medical School, 75 Mass. App. Ct. 623, 634 n.17 (2009).

Judgment affirmed.