This case arises from a judgment in the Superior Court wherein the judge dismissed the plaintiff's complaint for arbitration and allowed judgment for the defendant, Encompass Insurance Company (Encompass). We affirm.
Background. The plaintiff, Christian Cardona, was a passenger in a vehicle owned and operated by his mother and insured by Encompass. When she slowed to make a turn, the vehicle was struck from the rear by another vehicle which left the scene. The plaintiff's mother followed the other vehicle, and the plaintiff recorded its registration number, which he observed on the license plate.[2]
The plaintiff reported the accident, and a review of the Registry of Motor Vehicles database established that the plate number was for a 2010 Honda owned by Stephanie Carnevale, and insured by Allstate Insurance Company (Allstate). The plaintiff made an insurance claim against Carnevale for his injuries sustained in the motor vehicle accident. Allstate investigated the accident and denied the plaintiff's claim by informing the plaintiff that Allstate's insured, Carnevale, "was not responsible for the accident" because she denied "ever being in an accid[en]t with [the plaintiff] at this location."[3]
The plaintiff then sought uninsured motorist benefits (UM benefits) from Encompass, asserting that because Allstate had denied the claim, he was entitled to UM benefits as the victim of a "hit-and-run" accident. When Encompass denied the claim, the plaintiff filed this action seeking arbitration of his uninsured motorist claim pursuant to the Encompass insurance policy.
Encompass filed a motion to dismiss or, in the alternative, a motion for summary judgment. The plaintiff filed a cross motion for summary judgment.[4] A Superior Court judge allowed Encompass's motion and denied the plaintiff's motion. Judgment entered for Encompass, and the plaintiff appealed.
Standard of review. "We review a grant of summary judgment de novo to determine 'whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.' " Juliano v. Simpson, 461 Mass. 527, 529-530 (2012), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). See Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). "The responsibility of construing the language of an insurance contract is a question of law for the trial judge, and then for the reviewing court."[5] Ruggerio Ambulance Serv., Inc. v. National Grange Ins. Co., 430 Mass. 794, 797 (2000) (quotation omitted). See Lumber Mut. Ins. Co. v. Zoltek Corp., 419 Mass. 704, 707 (1995) ; Lexington Ins. Co. v. All Regions Chem. Labs, Inc., 419 Mass. 712, 713 (1995) ; Seaco Ins. Co. v. Barbosa, 435 Mass. 772, 779 (2002).
In general, the rules of construction entitle an insured to "the most favorable interpretation of the policy language when there is more than one rational interpretation of the policy language, or where the policy language is ambiguous." Richardson v. Liberty Mut. Fire Ins. Co., 47 Mass. App. Ct. 698, 702 (1999), quoting from Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 200 (1995). This rule of resolving ambiguities in a policy against the insurer, however, is inapplicable where the language of the contract is that of the standard policy and is, therefore, prescribed by statute and controlled by the Division of Insurance. See Jacobs v. United States Fid. & Guar. Co., 417 Mass. 75, 76 (1994). Instead, the "policy language must be 'read as a whole and in the context of the insurance scheme in Massachusetts.' " Massachusetts Insurers Insolvency Fund v. Premier Ins. Co., 449 Mass. 422, 427 (2007), quoting from Massachusetts Insurers Insolvency Fund v. Safety Ins. Co., 439 Mass. 309, 313 (2003).
Discussion. The plaintiff contends that he is entitled to UM benefits under the Encompass policy because (1) he is the victim of a hit-and-run motor vehicle, and (2) the operator of that vehicle has not been identified. We disagree. Under the statutory scheme, the 2010 Honda is properly characterized as an insured motor vehicle, which precludes UM benefits.
The policy language at issue here, "Part 3. Bodily Injury Caused By An Uninsured Auto," states in relevant part:
"Sometimes an owner or operator of an auto legally responsible for an accident is uninsured. Some accidents involve unidentified hit-and-run autos. Under this Part, we will pay damages for bodily injury to people injured or killed in certain accidents caused by uninsured or hit-and-run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured or hit-and-run auto. We will pay for hit-and-run accidents only if the owner or operator causing the accident cannot be identified."
The plaintiff highlights the last sentence in this paragraph, and contends that, because the operator of the 2010 Honda has not been identified, UM benefits are triggered.[6] However, we are not permitted to read the policy language in a vacuum. The policy is controlled by G. L. c. 175, § 113L, and thus, we must look to that statute for guidance. See Jacobs v. United States Fid. & Guar. Co., supra. The statute says, in pertinent part:
"No policy shall be issued or delivered in the commonwealth with respect to a motor vehicle ... unless such policy provides coverage in amounts or limits prescribed for bodily injury or death for a liability policy under this chapter ... for the protection of persons issued thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles ... and hit-and-run motor vehicles because of bodily injury...."
G. L. c. 175, § 113L(1), as appearing in St. 1988, c. 273, § 46. The Supreme Judicial Court has held that as a predicate for bringing a claim for UM benefits under this language, the motor vehicle responsible for the accident must be uninsured. See Massachusetts Insurers Insolvency Fund v. Safety Ins. Co., 439 Mass. at 313. Ordinarily, hit-and-run accidents involve an offending vehicle that fled the scene without being identified and, therefore, is considered uninsured under the standard policy. See, e.g., Gabriel v. Premier Ins. Co. of Mass., 445 Mass. 1026, 1026 (2006). See also Massachusetts Insurers Insolvency Fund v. Safety Ins. Co., supra at 316 (noting that hit-and-run vehicles are unidentified by "nature"). Here, by contrast, the responsible vehicle has been identified as the 2010 Honda owned by Carnevale and insured by Allstate. Thus, the vehicle is not an "unidentified hit-and-run auto," as contemplated in the standard policy, but rather it is an insured motor vehicle.[7] As such, UM benefits are not triggered under the statutory scheme.[8] See id. at 313. In these circumstances, the "statutory scheme prevails even when the result is denial of coverage in the face of equitable factors."[9] Valley Forge Ins. Co. (CNA) v. Katz, 63 Mass. App. Ct. 759, 767 (2005) ("The approach our courts have taken is to apply G. L. c. 175, § 113L, mechanically").
Judgment affirmed.

The record established that during the pendency of this litigation, the plaintiff never wavered from his testimony that he had recorded the correct plate number.

Allstate's investigation file is contained in the record. As far as the record shows, Allstate conducted a cursory investigation into the circumstances of the crash. The plaintiff acknowledges that although Allstate denied liability for its insured, it has never denied coverage.

The judge's memorandum of decision does not specify whether he disposed of the motions pursuant to Mass.R.Civ.P. 12, 365 Mass. 754 (1974), or Mass.R.Civ.P. 56, 365 Mass. 824 (1974). The parties do not contest the standard of review or that this matter may be resolved as a matter of law.

The motion judge properly did not order arbitration as the issue presented was a question of law. See Noel v. Metropolitan Property & Liab. Ins. Co., 41 Mass. App. Ct. 593, 595-596 (1991) (plaintiff's claim for arbitration was properly disposed on summary judgment as interpretation of insurance policy was a question of law). Compare Allstate Ins. Co. v. Harris, 26 Mass. App. Ct. 1017, 1019 (1989) (arbitration appropriate where there were no threshold questions of law; issues to be resolved were factual).

The plaintiff contends that, in the context of this case, UM benefits are triggered if either the owner or the operator of a hit-and-run vehicle cannot be identified, and further that, because the operator is unidentified in this case, UM benefits are indeed triggered here.

In light of the holding in Massachusetts Insurers Insolvency Fund v. Safety Ins. Co., 439 Mass. at 313, we are unpersuaded that the policy language highlighted by the plaintiff necessitates a different result. See ibid. (one potentially contrary line in standard policy, read in context of entire statutory scheme, did not negate court's over-all conclusion that "UM benefits apply only when the motor vehicle is uninsured").

We agree with the motion judge that the plaintiff, in his lawsuit against Carnevale, can use to his advantage the rule of evidence set forth in G. L. c. 231, § 85A, which provides:
"In all actions to recover damages for injuries to the person or to property or for the death of a person, arising out of an accident or collision in which a motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant."

We decline to grant Encompass's request for attorney's fees as the plaintiff's appeal was not frivolous. See Avery v. Steele, 414 Mass. 450, 455 (1993).