**Willard TRANTHAM, Third–Party Plaintiff–Appellant,**

v.

**OLD REPUBLIC INSURANCE COMPANY, Third–Party Defendant–Respondent.**

**No. 57284.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 3, 1990.

Application to Transfer Denied
Nov. 20, 1990.

Douglas P. Dowd, Edward L. Dowd, Dowd & Dowd, P.C., Gerard Thomas Noce, Evans & Dixon, St. Louis, for third-party plaintiff-appellant.

Daniel T. Rabbitt, Brown, James & Rabbitt, P.C., St. Louis, for third-party defendant-respondent.

SMITH, Judge.

Third party plaintiff, Willard Trantham, (hereinafter referred to as plaintiff or Trantham), appeals from a summary judgment holding that third party defendant, Old Republic Insurance Company, is liable under its insurance policy for a maximum of $25,000 for injuries sustained by plaintiff. We affirm.

Plaintiff was a passenger in a rental truck driven by James Farrow which overturned injuring plaintiff. Farrow's personal insurance carrier was State Farm. The rental truck was owned by Ryder Truck Rental Company and covered by an insurance policy issued by Old Republic. State Farm was requested by Farrow to provide him a defense and coverage. State Farm then filed this action for declaratory judgment as to its liability. Trantham was joined as a defendant. He filed a cross-claim against Farrow for his injuries and a third party claim against Old Republic. In the third party claim he asserted that the limit of Old Republic's liability was $1,000,000 for plaintiff's injuries. Old Republic sought and the trial court granted a summary judgment that Old Republic's maximum liability to Trantham was $25,000. The trial court also denied Trantham's motion for summary judgment and subsequently entered an order that there was no just reason to delay appeal. Rule 74.01. The only issue before us is the limit of liability provided by the Old Republic policy.[1]

The policy issued by Old Republic listed the "Ryder System, Inc. and its affiliated or subsidiary companies" as the "Named insured." The policy defined "insured" as "any person or organization qualifying as an insured in the 'Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability." The bodily injury liability coverage section defines an "insured" as "any other person while using an owned automobile or a hired automobile with the permission of the named insured ..." Under the policy Farrow was an insured. The basic limit of liability of the policy was $1,000,000.

There were two additional endorsements to the policy in effect at the time of the accident. Endorsement 7 provided in pertinent part:

### RECEIPT BASIS—DRIVERLESS CARS

It is agreed that such automobile liability insurance as is afforded by the policy, including the Exclusions and Conditions

---

1. Despite this limited issue the legal file prepared by plaintiff is 526 pages in length, including voluminous pleadings and materials having nothing at all to do with the judgment before us, as for instance the State Farm insurance policy. The Index does not identify the location of the key materials such as the Old Republic policy involved, the Ryder contract of lease, the motion for summary judgment or the judgment appealed from. All are included but are covered in the index only by some other document to which they are attached. The policy for instance is part of 50 pages identified as "Plaintiff's Request for Admission propounded to Defendant James Farrow." If ever a case warranted an agreed statement as the record on appeal, this is it. Rule 81.13. Despite the clear violations of Rule 81.12 we have determined, as a matter of grace, to review the judgment on the merits.

applicable thereto, for bodily injury liability and for property damage liability applies to any one or more persons or organizations leasing/renting an automobile from any named insured subject to the following provisions:

1. Unless the lease/rental agreement states in writing that such lessee/renter is to be provided with automobile liability insurance by such named insured, no insurance shall be afforded under this policy to such lessee/renter, his agents or employees, or to any persons or organizations legally responsible for the use of the vehicles so leased/rented by such lessee/renter.

2. In addition to the other terms of this policy, the insurance afforded to such lessee/renter, his agents or employees, or to any person or organizations legally responsible for the use of an automobile so leased/rented by such lessee/renter shall also be subject to the terms, including the limit or limits of liability, conditions, restrictions, and limitations in the lease/rental agreements, providing the coverage afforded under this policy is not thereby enlarged or extended.

Endorsement 6 provided in pertinent part:

LIMITS OF LIABILITY

Regardless of the number of (1) Insureds under this policy, (2) persons or organizations who sustain bodily injury or property damage, (3) claims made or suits brought on account of bodily injury or property damage or (4) automobiles or units of mobile equipment to which this policy applies, the Company's liability is limited as follows:

Bodily Injury Liability and Property Damage Liability:

(a) The limit of liability stated in the Schedule of this endorsement as applicable to "each occurrence" is the total limit of the Company's liability for all damages because of bodily injury or property damage as a result of any one occurrence, provided that

with respect to any occurrence for which notice of this policy is given in lieu of security or when this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province such limit of liability shall be applied to provide the separate limits required by such law for bodily injury liability and property damage liability to the extent of the coverage required by such law, but the separate application of such limit shall not increase the total limit of the Company's liability.

It is to be noted that under endorsement 7 unless the contract between Ryder and the lessee states that Ryder is providing automobile liability insurance then none is provided under the policy. The insurance provided is limited to that set forth in the rental agreement.

Ryder's rental agreement with Farrow provided in pertinent part:

LIABILITY INSURANCE. The Truck is covered by a liability insurance policy which provides coverage to Customer against bodily injury and property damage claims with split (per person, per accident) limits of liability up to the requirements of the state financial responsibility law of the state in which an accident may occur or $10,000/$20,000 bodily injury and $10,000 property damage if no financial responsibility law applies. Customer agrees to indemnify and hold Ryder harmless from damages and liability in excess of or excluded from Ryder's liability insurance coverage arising out of or resulting from the operation of the Truck.

There is no dispute that the Missouri financial responsibility law requirements were $25,000 and that the accident occurred in Missouri. Plaintiff relies upon two cases to support his contention that the coverage provided by the master policy cannot be reduced by the rental agreement i.e.: *Weathers v. Royal Indemnity Co.*, 577 S.W.2d 623 (Mo. banc 1979) and *Allstate Insurance Co. v. Sullivan*, 643

S.W.2d 21 (Mo.App.1982). Both of those cases involved an attempt to reduce the coverage granted by the master policy by provisions in the rental agreement involving use or operation of the vehicle. In both cases it was held that these attempts contravened the public policy of the state because they purported to restrict liability coverage required by the Financial Responsibility Law of Missouri.[2]

*Sullivan,* in a footnote, dealt with an attempt in the rental agreement to limit liability to that provided by the financial responsibility act. *Sullivan, supra,* ftnt. 3. That attempt was rejected because the court was dealing with the Allstate policy not the rental agreement. That case did not involve the situation present here where the master policy itself limits the amount of coverage to that provided by the rental agreement.

We do not deal with the situation present in either *Weathers* or *Sullivan.* There is no attempt in either the master policy or the rental agreement to evade the requirements of the safety responsibility law. Rather both documents clearly reflect the intention to provide exactly what that law requires. The provision in the rental agreement that liability insurance is provided was the necessary language required to trigger any liability coverage at all by Old Republic for Farrow. We are unable to conclude that its plain language conveys any meaning other than that the maximum coverage afforded was that required by the financial responsibility law of Missouri.

Plaintiff asserts that the statement in the rental agreement is ambiguous because the master policy does not say what the rental agreement says. That is not accurate. The master policy says that its liability is limited to the terms of the rental agreement. In stating what limits of coverage Ryder was providing the rental agreement kicked in the provisions of endorsement 7 and the master policy did at that point provide exactly what the rental agreement said it did.

 Finally, plaintiff asserts that the language of the rental agreement is too vague to be enforced in that it does not set forth the dollar amounts of the coverage provided. It is well settled that matters incorporated into a contract by reference are as much a part of the contract as if set out in haec verba. *Jim Carlson Construction, Inc. v. Bailey,* 769 S.W.2d 480 (Mo. App.1989) [1]. The rental agreement refers to a specific statute and there is no ambiguity about that.

The rental agreement limited the liability coverage Ryder was providing to the amount mandated by the financial responsibility law. The master policy provided coverage for the amount provided in the rental agreement. The trial court correctly granted the summary judgment.

Judgment affirmed.

SATZ, P.J. and GRIMM, J., concur.

---

**2.** In *American Family Mutual Insurance Company v. Ward,* 789 S.W.2d 791 (Mo. banc 1990) both cases were discussed at length and distinguished. *Sullivan* was held not to be considered authoritative beyond the context in which it was decided.