Toomey, J.
Plaintiff, the Commerce Insurance Company (“Commerce”) commenced this declaratory judgment action against defendant Old Republic Insurance Company (“Old Republic”) to obtain a ruling that Old Republic must reimburse Commerce for monies Commerce paid in settlement to Patricia Green and David J. McHugh. Commerce also seeks relief under Mass. G.L.c. 93A.
This case came before the court on October 15, 1993 for hearing on the parties’ cross-motions for summary judgment. In support of its motion, defendant contends that the policy it issued to Ryder Truck Rental, Inc. (“Ryder”) only obligates it to pay the limits of the compulsory coverage, which it has already paid. Old Republic also asserts that it did not violate Mass. G.L.c. 93A because it disclaimed coverage in good faith.
In response to defendant’s motion for summary judgment and in support of its own cross-motion for summary judgment, plaintiff argues that the injured third parties are entitled to the full amount of bodily injury coverage of Old Republic’s policy and that the endorsements upon which defendant relies do not limit the third parties’ recovery, under the Old Republic policy, to the compulsory coverage limits. Plaintiff asserts, therefore, that Old Republic is legally obligated to reimburse Commerce for monies Commerce paid and that defendant’s continued denial of coverage and failure to pay constitute unfair and deceptive trade practices under c. 93A. For reasons set forth below, defendant’s motion for summary judgment will be allowed and plaintiffs cross-motion for summary judgment will be denied.
BACKGROUND
The parties’ pleadings and two affidavits which incorporate the relevant insurance policies and rental agreement contain the following undisputed facts. On or about July 15, 1989, an automobile accident occurred on the Massachusetts Turnpike involving Patricia Green’s vehicle, in which David J. McHugh was a passenger, and a Ryder rental truck, driven by David McGean. McGean’s employer, J.J. O’Brien & Sons, Inc. (“O’Brien”) had rented the straight truck from Ryder, which carried an automobile liability insurance policy with Old Republic. Old Republic’s policy provided coverage for up to $2,000,000 of bodily injury benefits. The policy also contained several amendatory endorsements. The “Driverless Autos” endorsement provided, in paragraph 2, that “the insurance afforded to [a] lessee/renter, his agents or employees . . . shall also be subject „to the terms, including the limit or limits of liability ... in the lease/rental agreement.”
Ryder’s standard rental agreement required a lessee to choose, one of three insurance options. O’Brien initialed the first option, which stated: “It is agreed that the liability insurance limits in paragraph 4 are provided to the renter.” Paragraph 4 of the agreement limited the coverage available to a renter of a straight truck to “the split (per person, per accident) limits of liability required under the financial responsibility law of the state in which an accident occurs, or ... if no state financial responsibility law applies, the limits shall be $10,000 for each person injured, subject to the limit of $20,000 for all injuries resulting from any one accident...”
O’Brien also carried business automobile insurance through Commerce. Following the accident, Ms. Green and Mr. McHugh brought separate personal injury actions. Although Commerce maintained that Old Republic’s duty to provide excess insurance coverage was primary, it settled the suits with Ms. Green for $45,000 and Mr. McHugh for $65,000 after Old Republic disclaimed liability beyond the $10,000 per person compulsory coverage. Commerce now seeks reimbursement from Old Republic in the amount of $110,000.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991): Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a *369 triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
I.THE ENDORSEMENT IS NOT VOID BY REASON OF A VIOLATION OF PUBLIC POLICY
Defendant argues that the Driverless Autos endorsement incorporates the limiting terms of the rental agreement into the Old Republic policy. Defendant’s interpretation reduces the amount of coverage available to injured third parties from the two million dollars contemplated by the policy to the ten thousand dollars provided in Paragraph 4 of the rental agreement. In response, plaintiff relies on Liberty Mutual Ins. Co. v. Tabor, 407 Mass. 354 (1990), for the proposition that the endorsement limitation is not effective and that the Old Republic policy’s primary coverage, in the amount of two million dollars for personal injuries arising out of the accident with the rental vehicle is fully available. In the view of this Court, however, Tabor is distinguishable from the facts at bar and is of no help to plaintiffs cause.
Tabor involved an amendatory endorsement which disclaimed coverage if the driver were negligent. Id. at 358. The Supreme Judicial Court held that, because a liability policy protects against liability for negligence, the clause in the lease agreement rendered the insurance policy illusory. Id. “A provision in an insurance policy that negates the very coverage that the policy purports to provide in the circumstances where the person is liable is void as against public policy.” Id. No such negating effect is presented by the provisions at bar. Tabor, accordingly, is inapposite.
Although Massachusetts courts have not addressed the issue, courts in other jurisdictions have held that clauses in rental agreements which reduce the liability limits to, but not below, statutory minimums are not per se void as against public policy. Guaranty Nat’l Ins. Co. v. Kemper Fin. Servs., 667 F.Supp. 714, 716 (1987); See Trantham v. Old Republic Ins. Co., 797 S.W.2d 771, 773-74 (Mo.App. 1990); West Am. Ins. Co. v. Maurer, 41 Ohio App.3d. 279, 282 (1987). The reasoning of Guaranty, Trantham, and Maurer persuades this court that summary judgment is appropriate because the rental agreement at bar does not purport to lower the available coverage below the minimum statutory requirements. See Trantham at 775; cf. Hartford Ins. Co. v. Hertz Corp., 410 Mass. 279, 286-87 (1991) (holding that statutes required Hertz to provide underinsurance benefits to lessee although rental agreement explicitly excluded uninsured coverage and did not mention underinsurance); Johnson v. Hanover Ins. Co., 400 Mass. 259, 264-65 (1987) (holding that provision in insurance policy which excluded coverage for persons not listed on coverage selection page was invalid because insurance was below compulsory minimum). There is thus no violation of public policy in the instant endorsement’s reduction of coverage to the level permitted by law.
II.THE ENDORSEMENT IS NOT VOID BY REASON OF OBSCURITY
A second basis for allowing summary judgment for the defendant is that, unlike the Tabor agreement, the instant rental agreement clearly states that the available coverage is limited to $10,000 per person. In Tabor, the court held that an average person reading the insurance policy would not be aware that the coverage would be limited to the amount of compulsory insurance. Tabor, supra, 407 Mass. at 361. The rental agreement in Tabor stated that the business auto policy “shall not apply ... to any liability of customer or any driver . . . arising while the vehicle is being used in violation of any of the limitations set forth in Paragraph 2.” Id. at 357. Paragraph 2 prohibited a lessee seeking coverage from using the vehicle negligently or in violation of state, federal, or local laws. Id. The Tabor court reasoned that the language in Paragraph 2 did not clearly express the insurer’s intention to reduce the available coverage. Id. at 361. The provision in the rental agreement at bar, however, lucidly limned the limits of liability on the form which the instant renter read and initialed.
III.THE ENDORSEMENT IS APPLICABLE TO THE CIRCUMSTANCES AT BAR
Plaintiff incorrectly argues that the Driverless Autos endorsement does not apply to the facts of this case, and that genuine issues of material fact therefore remain for trial. Focusing on the word “driverless,” plaintiff contends that the policy limits in Paragraph 4 would apply only to events wherein the insured vehicle was without an operator, for example, when an individual exited a vehicle and failed to set the emergency brake, causing the car to roll down an incline. In response, defendant suggests that the endorsement applies whenever a lessee rents a vehicle, but does not hire a driver. That disparate view of “driverless” presents, plaintiff insists, the requisite “genuine issue.”
Plaintiffs contentions, however, fail to raise a genuine dispute of material fact because, regardless of the title given to the endorsement, the text of the endorsement establishes that the insurance benefits found in the business auto policy apply “to any one or more persons or organizations leasing/renting an automobile from any named insured,” with certain immaterial exceptions.
CONCLUSION
Because the parties only dispute the amount of coverage provided by the policy in defined circumstances and because the interpretation of an insurance contract is a question of law for the court, summary judgment is appropriate. See Thattil v. Dominican Sisters of Charity of the Presentation of the Blessed Virgin, 415 Mass. 381, *370 386 n.6 (1993). And, for the reasons stated supra, judgment will issue for defendant.
Defendant is also entitled to judgment as a matter of law on plaintiffs c. 93A claim. Defendant relied on a valid basis for disclaiming coverage, and did not engage in any unfair or deceptive trade practices. Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 15 (1989).
ORDER
For the reasons stated, it is hereby ORDERED that defendant’s motion for summary judgment is ALLOWED and plaintiffs cross-motion for summary judgment is DENIED.