(923 P.2d 517)

No. 74,069

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant*, v. YANA WINNEY, *Defendant*, and BUDGET RENT-A-CAR OF MISSOURI, INC., *Garnishee/Appellee*.

—

Opinion filed September 13, 1996.

*Paul Hasty, Jr.*, and *Chad K. Gillam*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for appellant.

*W. Robert King* and *Jason R. Brown*, of Couch, Strausbaugh, Pierce & King, Chartered, of Overland Park, for garnishee/appellee.

Before GREEN, P.J., RULON, J., and DAN D. BOYER, District Judge, assigned.

BOYER, J.: State Farm Mutual Automobile Insurance Company (State Farm) contends that the trial court erred in dividing liability for damages sustained in a automobile accident equally between State Farm and Budget Rent-a-Car (Budget). We agree.

While driving a car rented from Budget, Yana Winney struck a car driven by Melissa Wood. Wood was insured by State Farm. State Farm paid Wood for her damages and then State Farm was awarded its claim for those damages against Winney. State Farm also insured Winney. State Farm then initiated a garnishment action against Budget in an attempt to recover any insurance proceeds Winney would be entitled to under Budget's insurance. Budget denied coverage.

Both State Farm and Budget filed motions for summary judgment. The basic facts of the case are not in dispute. The trial court

found that the provisions of the rental agreement between Budget and Winney denied coverage from Budget's insurance and that Winney's State Farm policy also denied coverage. The trial court found these provisions to be "mutually repugnant" and ruled that the damages must be equally divided between State Farm and Budget. State Farm filed a timely notice of appeal.

Winney's State Farm policy stated, in relevant part:

"If a *temporary substitute car*, a *non-owned car* or a trailer designed for use with a *private passenger car* or *utility vehicle* **has other vehicle liability coverage on it, then this coverage is excess.** THIS COVERAGE SHALL NOT APPLY:

"a. IF THE VEHICLE IS OWNED BY ANY *PERSON* OR ORGANIZATION IN A *CAR BUSINESS*; AND

"b. IF THE *INSURED* OR THE OWNER **HAS OTHER LIABILITY COVERAGE** WHICH APPLIES IN WHOLE OR IN PART AS PRIMARY, EXCESS OR CONTINGENT COVERAGE." (Emphasis in bold.)

Budget's insurance policy, issued by Associated International Insurance Company, stated, in pertinent part:

"The following are 'insureds':

a. You for any covered 'auto'.

b. Anyone else while using with your permission a covered 'auto' you own, hire or borrow."

Further, the policy provided: "For any covered 'auto' you own this Coverage Form provides *primary insurance*." (Emphasis added.)

Budget's rental agreement stated:

"RENTER'S PROTECTION. Budget does not provide Renter with liability insurance coverage. However, subject to all the terms and conditions of this Agreement, Budget does provide Renter with Renter Protection, if Renter is found to be at fault in an accident involving the Vehicle. Renter Protection is not insurance.
. . . .
"(b) Renter understands and acknowledges that Renter Protection is not insurance and *is only available when Renter has no primary, excess or contingent individual insurance coverage available to Renter*." (Emphasis added.)

Applying the rule adopted in *Western Cas. & Surety Co. v. Universal Underwriters Ins. Co.*, 232 Kan. 606, 657 P.2d 576 (1983), the trial court stated:

"Citing *Overbaugh v. Strang*, 254 Kan. 605, 867 P.2d 1016, (1994), the Court finds and holds that the 'other liability coverage' clause in plaintiff's policy of insurance and the clause in Budget's rental contract stating that rental protection benefits are only available if the renter has no other insurance coverage, are mutually repugnant, pursuant to *Western Cas. & Surety Co. v. Universal Underwriters Ins. Co.*, 232 Kan. 606, 657 P.2d 576 (1983)."

*Western Casualty* involved a school employee who was driving a rental van at the time of the accident. The other driver suffered personal injuries and property damage to her car. The rental company, as the owner of the van, had liability insurance to cover the accident, and under the provisions of that policy, the employee was an "insured." Additionally, the school district had a policy listing the employee as a named insured. Both policies covered the loss and both policies contained excess coverage clauses. 232 Kan. at 607. Our Supreme Court determined that the conflicting "other insurance" excess provisions in those policies were mutually repugnant and ordered the loss prorated between the two insurance carriers. 232 Kan. at 611.

State Farm argues that Budget should be liable in full for the damage caused by the rental car because the insurance policy carried by Budget specifically states it provides primary coverage, while the State Farm policy held by Winney only provides excess coverage for accidents occurring in non-owned cars.

The insurance policies and the rental agreement are all contracts, which are subject to unlimited review by this court. See *Mark Twain Kansas City Bank v. Cates*, 248 Kan. 700, 704, 810 P.2d 1154 (1991).

This court concludes that the language of the two insurance contracts is in harmony. Therefore, the "equal share" rule of *Western Casualty* is inapplicable. It is undisputed that Winney was a permissive driver of a vehicle owned by Budget at the time of the accident. State Farm correctly points out that although K.S.A. 40-3107(h) allows an owner to exclude from coverage any vehicle while it is being rented, Budget's policy has no such provision. We conclude, therefore, that Budget's policy of insurance is primary.

We also disagree with the trial court's conclusion that the self-insured retention language of Budget's policy was material to the

issue at hand. This endorsement made Budget responsible to pay the first $250,000 on any loss. We agree with State Farm's argument that the self-insured retention endorsement was, in essence, a "deductible." The endorsement provided as follows:

"In consideration of the payment of the premium charged, it is understood and agreed that the insured has agreed to assume a self insured retention. *The coverages, exclusions, limits of insurance, conditions and definitions of the coverage parts and endorsements attached to and forming a part of this policy apply equally to the self insured retention.*" (Emphasis added.)

The self-insured retention endorsement held by Budget specifically incorporated all of the terms and conditions of the policy of insurance. Consequently, Budget agreed to furnish primary insurance for losses up to the first $250,000. Since the loss in this case was for less than $250,000, Budget was responsible to cover the full loss.

Reversed and remanded with instructions to enter judgment in favor of State Farm against the garnishee, Budget.