**RYDER TRS, INC., and Frontier Pacific Insurance Company, Plaintiffs–Respondents,**

v.

**Mariah RANDAZZO, a minor, and Nicole Randazzo, a minor, by and through their next friend, Gina Pearl, Jean Randazzo and James L. Baker, Defendants–Appellants.**

No. 24447.

Missouri Court of Appeals, Southern District, Division Two.

June 19, 2002.

Motion for Rehearing or Transfer to Supreme Court Denied July 12, 2002.

Application for Transfer Denied Aug. 27, 2002.

**670**

James E. Spain, Samuel P. Spain, Poplar Bluff, for Mariah & Nicole Randazzo.

Matthew D. Richardson, Poplar Bluff, for Jean Randazzo.

Robert L. Nussbaumer, St. Louis, for James L. Baker.

John F. Cooney, St. Louis, for Respondents.

JOHN E. PARRISH, Judge.

Mariah Randazzo, a minor, and Nicole Randazzo, a minor, by their next friend, Gina Pearl, Jean Randazzo and James L. Baker appeal a declaratory judgment that determined limits of liability of Ryder TRS, Inc., (Ryder) and Frontier Pacific Insurance Company (Frontier) resulting from an accident involving a vehicle owned by Ryder. At the time of the accident, the vehicle was rented to and driven by James L. Baker. The trial court declared the maximum coverage available in a wrongful death action was $25,000. This court affirms.

The parties stipulated the facts before the trial court. James L. Baker rented a moving van from Ryder on June 8, 1999. Later that day while driving the rented vehicle, he was involved in an accident in Butler County, Missouri, with another vehicle driven by John T. Randazzo. Mr. Randazzo died as a result of injuries sustained in the accident. Mr. Randazzo is survived by two minor children, Mariah Randazzo and Nicole Randazzo, and his mother, Jean Randazzo. A wrongful death action was filed against James Baker by Gina Pearl, conservator of the minor children's estates, on behalf of the children and by Jean Randazzo. Following a jury trial, judgment was entered against Mr. Baker in the amount of $300,000.[1]

Ryder and Frontier brought the action that is the subject of this appeal to deter-

---

1. The verdict was for $400,000. The judgment recites that plaintiffs in the wrongful death action had previously been paid $100,000 on behalf of James L. Baker in payment for their damages; that Mr. Baker was "entitled to a set-off in that amount against the judgment entered...."

mine the amount for which they were liable under the terms of the rental agreement Ryder had with Mr. Baker. The rental agreement between Mr. Baker and Ryder provided:

10. *LIABILITY PROTECTION*

A. Unless otherwise indicated on the Rental Information Sheet, the Vehicle is covered by an automobile liability insurance policy, National Union Fire Insurance Company of Pittsburgh, PA, Policy No. RMCA5273003 or any successor or replacement policy thereof, ("Liability Protection Plan") which covers Me against bodily injury and property damage claims by others. To the extent permitted by applicable state law, any automobile liability coverage provided under the Liability Protection Plan will be excess over any valid and collectible insurance otherwise available to Me or any permissive user, unless otherwise indicated on the Rental Information Sheet. Unless I elect higher limits of liability protection with Supplemental Liability Protection and the Rental Information Sheet is so endorsed, National Union Fire Insurance Company of Pittsburgh, PA, Policy No. RMCA5273003 or any successor or replacement policy therefor, is the only automobile liability coverage extended to Me under this Agreement and the limits of liability to be furnished to Me pursuant to this Agreement are split limits of $10,000 for each person injured, subject to the limit of $20,000 from all injuries resulting from any one accident, and a limit of $5,000 for damages to property resulting from any one accident, unless the limits required by an applicable compulsory or financial responsibility law of the state in which the accident occurs are higher, in which case such higher limits will apply.[2] The limits of liability under state compulsory or financial responsibility laws vary by state. For example, in California, Vehicle Code Section 16451 requires split limits of $15,000/$30,000/$5,000. A copy of the Liability Protection Plan or Supplemental Liability Protection Plan, if elected, is available for My inspection at Ryder TRS' main offices. I agree to comply with and be bound by all of the terms, conditions, limitations, and restrictions of the Liability Protection Plan or Supplemental Liability Protection Plan, if elected, (even those that are not specifically mentioned in this Agreement), and all such terms, conditions, limitations, and restrictions are incorporated by reference into this Agreement.

(Underlining in original text.) Mr. Baker declined supplemental liability protection.

Ryder was no longer insured by National Union Fire Insurance Company of Pittsburgh, PA, at the time of the accident, but was insured by Frontier. The Frontier policy contained a liability limit of $2,000,000 for any one accident or loss. An endorsement to the policy with respect to coverage provided persons who rented vehicles from Ryder states:

ADDITIONAL PROVISION

**2.** § 303.190.2(2), RSMo 1994, requires liability coverage of "twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and ten thousand dollars because of injury to or destruction of property of others in any one accident."

**SECTION II—LIABILITY COVERAGE, Part A. Coverage,** is amended to include the following:

> The insurance coverage provided by this policy to a "rentee" is subject to the terms, conditions, restrictions, and limitations contained in the rental agreement between you and such "rentee".

It is followed with:

ADDITIONAL DEFINITION

**SECTION V—DEFINITIONS**

The following definition is added:

> "Rentee" means any one who rents a covered "auto" from you for a charge or fee and any other person expressly listed as an authorized driver in the rental agreement under which the "auto" is rented.

The trial court judgment declared:

. . .

The sole question before this Court is whether [Ryder and Frontier] are liable on a Judgment ... in the amount of 25,000.00 or $300,000.00. This Court finds that the coverage is in the amount of $25,000.00.

The Rental Agreement in this case provided for two types of coverage, that extended in paragraph 10A which the rentee Baker selected, and paragraph 10B which was not selected. Paragraph 10B provided for higher limits. Both paragraphs referred to a different policy of insurance for coverage but both also provided "or any successor or replacement policy therefore [sic]".

Defendants argue that a new policy was used to replace those policies mentioned in the rental agreement and that the limit of $2,000,000.00 now applies. This Court disagrees. The policy provided by [Ryder and Frontier] as the replacement policy provided that the most the insurance policy would provide would be 2,000,000.00 [sic], not that this amount was provided in every case.

The policy language in [Ryder's and Frontier's] policy does not appear to be ambiguous.... This Court does find that under the law and the policy of insurance and the facts as stipulated by the parties, there was a limit of $25,000.00 on the policy.

THEREFORE, it is **ORDERED, ADJUDGED AND DECREED** that [Ryder and Frontier] are liable in the amount of $25,000.00 on the policy in this case. Cost taxed to [Ryder and Frontier].

. . .

Appellants contend "[t]he trial court erred in finding that the Frontier policy provided only $25,000 of liability coverage to James L. Baker." They argue the trial court erroneously declared and applied the law in so holding because the policy limits of the Frontier policy were $2,000,000 "because the Frontier policy was the successor or replacement policy for National Union Policy Number RMCA5273003 referred to in paragraph 10(A) of the Rental Agreement." Appellants argue that "Ryder replaced a minimum limits policy with a $2,000,000 policy." They assert, "At the very least, the Frontier policy and paragraph 10(A) of the Rental Agreement create an ambiguity as to the amount of liability coverage that was in effect."

The same argument was made in *Trantham v. Old Republic Ins. Co.*, 797 S.W.2d 771 (Mo.App.1990), a case with strikingly similar circumstances to those of this appeal. The court concluded that there was no ambiguity; that a master policy may provide for liability to be limited to the terms of a rental agreement. *Id.* at 774. Similarly, *Windsor Ins. Co. v. Lucas*, 24

S.W.3d 151 (Mo.App.2000), held there is no prohibition "for an insurance contract to set forth the maximum amount the insurer will pay in one part, then stipulate the circumstances under which the insurer may lower the maximum amount it will pay, so long as all considered sections contain plain and unambiguous terms, and reading them together does not create an ambiguity." *Id.* at 154.

Mr. Baker's rental agreement with Ryder provided that automobile liability coverage would be provided him by means of a certain insurance policy from Union Fire Insurance Company of Pittsburgh, PA, "or any successor or replacement policy thereof." This protection was deemed the "Liability Protection Plan." The limits of liability were "split limits of $10,000 for each person injured, subject to the limit of $20,000 from all injuries resulting from any one accident, ... unless the limits required by an applicable compulsory or financial responsibility law of the state in which the accident occurs are higher, in which case such higher limits will apply." The limits required by Missouri's financial responsibility law, § 303.190, RSMo 1994, were higher than those prescribed by the rental agreement. *See* n. 2, *supra.* Thus, Missouri's statutory limits applied.

The "successor insurance policy" Ryder had with Frontier was "subject to the terms, conditions, restrictions, and limitations contained in the rental agreement" between Mr. Baker and Ryder. The policy language was unambiguous. The limitation in the rental agreement on limits of liability insurance provided for Mr. Baker was the limits required by Missouri's financial responsibility statute. The rental agreement language was unambiguous. The amount of coverage that was provided was $25,000 for a death of one person in any one accident. § 303.190.2(2), RSMo

1994. Appellant's point on appeal is denied. The judgment is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.