(58 P.3d 751)

No. 87,644

FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Appellee,* v. ENTERPRISE LEASING COMPANY OF KANSAS, *Appellant.*

Opinion filed November 27, 2002.

*Steve R. Fabert*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Topeka, for appellant.

*Todd N. Thompson* and *Shon D. Qualseth*, of Thompson & Associates, P.A., of Lawrence, for appellee.

Before JOHNSON, P.J., PIERRON, J., and BUCHELE, S.J.

JOHNSON, J.: Enterprise Leasing Company of Kansas appeals the judgment entered in favor of Farm Bureau Mutual Insurance, Inc.,

which required Enterprise to reimburse Farm Bureau for the cost of defending and settling a claim against a Farm Bureau policy-holder who was operating a vehicle rented from Enterprise. We disagree with the district court's interpretation and application of K.S.A. 40-3104(f) to the facts of this case and reverse.

The undisputed facts are straightforward and uncomplicated. Max Miller rented a pickup truck from Enterprise, listing his wife, Karen, as an additional driver. Max did not purchase insurance through Enterprise; Enterprise held a certificate of self-insurance; the Millers had an automobile liability insurance policy through Farm Bureau. Karen had an accident while operating the rented pickup truck and was sued for the property damage inflicted on the other vehicle.

Farm Bureau defended the lawsuit, advanced funds to satisfy the judgment rendered against Karen, and took an assignment of Karen's rights against Enterprise. Farm Bureau then filed a declaratory judgment action claiming that Enterprise was a self-insurer with a statutory duty to defend and settle the claim and pay the money judgment against Karen. Enterprise's answer denied that it had any obligation to provide either liability insurance or self-insurance coverage while its vehicles were being operated under a contract of hire, except when the permissive user had no personal liability insurance. The matter then came before the district court upon Enterprise's motion to dismiss, or in the alternative, for summary judgment. After its motions were denied, Enterprise moved for reconsideration and for additional findings of fact.

The district court found that K.S.A. 40-3104(f) required Enterprise to provide mandatory minimum liability coverage when the rental driver did not have: (1) a motor vehicle liability insurance policy, or (2) insurance coverage pursuant to a motor vehicle liability insurance policy and the person was driving with the consent of the self-insurer. The court found that because Karen had a liability policy, the issue was whether Karen had coverage pursuant to that policy. Summarily stating that the rental vehicle was not owned or leased by Karen, the court found that Karen's Farm

Bureau policy only provided excess coverage and that Enterprise was required by statute to provide primary liability coverage.

On appeal, Enterprise argues: (1) Karen's policy with Farm Bureau provided primary coverage under the facts of this case; (2) the excess insurance clause in Karen's personal policy cannot displace the provisions of K.S.A. 40-3104(f) and creates a duty to pay self-insurance benefits; (3) Enterprise is not obligated to pay defense costs in a suit against the renter; and (4) Enterprise has a right to indemnification from Karen.

However, we perceive the matter is resolved by determining Enterprise's statutory obligation to provide liability coverage for its rental drivers and determining Farm Bureau's contractual obligation to provide coverage for its insureds while driving a rental vehicle. The analysis requires that we interpret the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.*, and the Millers' insurance policy issued by Farm Bureau, thus presenting questions of law over which we have unlimited review. See *Taliaferro v. Taliaferro*, 269 Kan. 722, 726, 7 P.3d 1241 (2000) (interpretation of a written instrument and interpretation of applicable statutes); *Progressive Casualty Ins. Co. v. Farm Bureau Mut. Ins. Co.*, 27 Kan. App. 2d 765, 766, 9 P.3d 565, *rev. denied* 270 Kan. 899 (2000) (interpretation of the "other insurance" clause of an automobile insurance policy).

## ENTERPRISE'S STATUTORY OBLIGATION

The district court correctly rejected Farm Bureau's argument that the KAIRA requires Enterprise to provide primary liability coverage for its rental drivers in all circumstances. At oral argument, Farm Bureau strenuously asserted that we must be guided by the provisions of K.S.A. 40-3104(a), which requires that "[e]very owner shall provide motor vehicle liability insurance coverage in accordance with the provisions of this act for every motor vehicle owned by such person." Farm Bureau seems to intimate that: (1) K.S.A. 40-3104(a) requires all vehicle owners to provide primary liability coverage on owned vehicles; (2) Enterprise owned the pickup; (3) therefore, Enterprise must provide primary liability coverage on the pickup. The syllogism falters because K.S.A. 40-

3104(a) does not require every vehicle owner to provide primary coverage, or even any coverage, in all circumstances, but rather it requires that coverage be provided in accordance with the other KAIRA provisions. For instance, K.S.A. 40-3107(h) permits an insurer to exclude liability coverage while the insured vehicle is being rented to others. Indeed, the Millers' policy with Farm Bureau contains such an exclusion. Farm Bureau argued below that the legislature intended insurance companies and self-insurers to be treated the same, citing *Overbaugh v. Strange*, 254 Kan. 605, 612, 867 P.2d 1016 (1994). However, inexplicably, Farm Bureau then asserts K.S.A. 40-3104(a) precludes Enterprise from excluding coverage to rental drivers while allowing Farm Bureau to do so.

KAIRA does, in fact, treat self-insurers differently, as evidenced by a specific provision applicable to self-insured rental car companies:

"A self-insurer shall provide liability coverage subject to the provisions of subsection (e) of K.S.A. 40-3107 [minimum limits of liability], and amendments thereto, arising out of the ownership, operation, maintenance or use of a self-insured motor vehicle in those instances where the lessee or the rental driver, if not the lessee, does not have a motor vehicle liability insurance policy or insurance coverage pursuant to a motor vehicle liability insurance policy or certificate of insurance or such insurance policy for such leased or rented vehicle. Such liability coverage shall be provided to any person operating a self-insured motor vehicle with the expressed or implied consent of the self-insurer." K.S.A. 40-3104(f).

The rules of statutory construction are well settled. See *State v. Engles*, 270 Kan. 530, 533, 17 P.3d 355 (2001); *In re Marriage of Killman*, 264 Kan. 33, 42-43, 955 P.2d 1228 (1998). When read in conjunction with the other provisions of the KAIRA, including K.S.A. 40-3104(a), it is clear that a self-insurer may not entirely exclude coverage for a rental driver, but it is only required to provide liability coverage on rented vehicles when an authorized driver does not have his or her own liability coverage. The legislative history of the 1996 amendment to K.S.A. 40-3104(f) confirms this interpretation. The original version of House Bill 2652 required self-insurers to "provide direct and primary coverage," but the legislature eliminated this language in favor of the current language.

In the rental agreement, Karen was specifically authorized to operate the pickup. By definition in Farm Bureau's insurance policy, Karen was a named insured and, thus, had a "motor vehicle liability insurance policy." Therefore, Enterprise was required to provide minimum property damage liability coverage for Karen's accident if, and only if, Karen's Farm Bureau policy did not provide coverage for the accident.

### FARM BUREAU'S COVERAGE

Farm Bureau argued, and the district court agreed, that Karen did not have primary liability coverage under her personal insurance policy because of a policy provision that states:

## OTHER INSURANCE

"If there is other applicable liability insurance on a loss covered by this Part, we will pay our proportionate share as our limits of liability bear to the total of all applicable liability limits. *Any insurance afforded under this Part for a vehicle you do not own or lease, however, is excess over any other liability insurance* and shall be limited to the difference between the liability limits on the nonowned vehicle and the liability limits on the described vehicle." (Emphasis added.)

The district court found that Karen did not own or lease the pickup truck, thereby invoking the "other insurance" provision of the Farm Bureau policy. The district court then opined that because Karen only had "excess coverage," she did not have "insurance coverage pursuant to a motor vehicle liability insurance policy" as contemplated in K.S.A. 40-3104(f) and, therefore, the self-insurer (Enterprise) had to provide primary coverage.

We disagree with the district court on two levels: (1) within the framework of Farm Bureau's policy definitions, the pickup was a leased vehicle and the excess coverage policy provision was inapplicable; and (2) K.S.A. 40-3104(f) does not require the rental driver's insurance coverage to be "primary coverage" to avoid the contingency triggering a self-insurer's statutory obligation.

### A. Applicability of Excess Clause

Farm Bureau's excess coverage provision only applies to a vehicle "you" do not own or lease. The district court did not explain its finding that Karen did not lease the pickup. Perhaps the district

court was persuaded by Enterprise's rental agreement, which identified Max Miller as the "renter" and Karen Miller as an "additional driver". Nevertheless, if we find that the pickup was leased by Farm Bureau's insured, the excess coverage provision does not apply.

"An insurance policy should be construed to give effect to the intention of the parties. The test applied in determining that intention is not what the insured intended the policy to mean, but what a reasonable person in the position of the insured would understand it to mean. *Wheeler v. Employer's Mutual Casualty Co.*, 211 Kan. 100, 104, 505 P.2d 768 (1973). The terms of an insurance contract, as in the case of any written contract, must be considered as a whole. *Bramlett v. State Farm Mutual Ins. Co.*, 205 Kan. 128, 468 P.2d 157 (1970)." *Farm Bureau Mutual Ins. Co. v. Horinek*, 233 Kan. 175, 179-80, 660 P.2d 1374 (1983).

Farm Bureau expresses its coverage utilizing the pronoun "you," which the policy specifically defines to mean both Max and Karen. Max, an insurance contract "you," signed an agreement to lease a vehicle which permitted Karen, another contractual "you," to drive the vehicle. A reasonable person in the Millers' position would not understand the excess coverage clause to be applied based upon which collectively defined "you" actually signed the rental agreement. Having affirmatively expressed coverage through broad promises, Farm Bureau had a duty to define limitations on that coverage in clear and explicit terms. See *Marquis v. State Farm Fire & Cas. Co.*, 265 Kan. 317, 327, 961 P.2d 1213 (1998). Accordingly, we find the pickup was a vehicle leased by Farm Bureau's insured and, therefore, the excess coverage provision did not apply.

### B. Interpretation of "insurance coverage"

More fundamental to the district court's ruling was its apparent belief that the phrase "insurance coverage" in K.S.A. 40-3104(f) means "primary coverage," *i.e.*, Enterprise has to pay if Karen's Farm Bureau coverage is not "primary" because of the excess coverage clause. We do not read that additional contingency into the statute.

Unquestionably, Farm Bureau was required by its policy and did, in fact, provide Karen coverage while she was operating the

rental pickup. Even under Farm Bureau's interpretation of the interplay of the self-insurer statute and its policy, Farm Bureau was liable for all property damage that Karen negligently caused with the rental pickup over and above the minimum property damage limit of $10,000 up to the policy property damage limit of $50,000. In other words, if Karen had demolished a vehicle worth $50,000, Farm Bureau would be arguing over whether it had to pay $40,000 or $50,000, not whether it had to cover Karen. This was not one of "those instances where the lessee or the rental driver, if not the lessee, does not have . . . insurance coverage pursuant to a motor vehicle liability insurance policy" contemplated by K.S.A. 40-3104(f). Karen did have coverage, subject only to the condition that any other applicable insurance pays first.

Here, there was not "any other liability insurance" applicable. K.S.A. 40-3104(f) presents an either/or situation: either there is no personal insurance coverage and the self-insurer pays, or there is personal insurance coverage and the self-insurer does not pay. Karen had insurance coverage; Enterprise was not required to provide any coverage; there was no other liability insurance over which Farm Bureau's insurance could be in excess. Farm Bureau was responsible for the defense, settlement, and payment of the judgment against its insured without reimbursement from Enterprise.

Reversed.