FILED
United States Court of Appeals
Tenth Circuit

March 24, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LINCOLN GENERAL INSURANCE
COMPANY,

        Plaintiff-Appellee,

v.

ERIC S. SMITH; HEATHER
BAKER,

        Defendants-Appellants.

No. 10-3082
(D.C. No. 6:09-CV-01194-MLB-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Eric S. Smith and Heather Baker (collectively Defendants) appeal from the

district court's grant of summary judgment in favor of Lincoln General Insurance

Company (Lincoln General). Exercising jurisdiction under 28 U.S.C. § 1291, we

affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

While driving a car she had rented from Western Leasing Services, Inc., d/b/a A-OK Car Rental (A-OK), Ms. Baker was involved in a one-vehicle accident. Her brother, Mr. Smith, was a passenger in the rental car, and he was seriously injured in the accident. The sole issue raised in this appeal is whether A-OK's business auto insurance policy issued by Lincoln General (LG Policy), provided coverage for Ms. Baker as a rentee of the car, when the Rental Agreement Ms. Baker signed with A-OK stated that A-OK was not providing any kind of insurance. The relevant facts are not in dispute.

On October 3, 2007, Ms. Baker rented a car from A-OK while her own car was in A-OK's repair shop. A-OK's Rental Agreement included the following provision:

> **IMPORTANT — READ BEFORE SIGNING**
> **NO INSURANCE COVERAGE OF ANY KIND OR TYPE**
> **IS PROVIDED BY RENTOR**
>
> The undersigned hereby acknowledges that the rentor is not providing any type of insurance protection or collecting any charges therefor. In consideration of the foregoing acknowledgement the rentee agrees to pay for all loss and damage to the described automobile and to hold rentor harmless from any liability as a result of the rentee's usage thereof.
>
> NOTE: Customer is advised to contact his/her insurance agent or broker to make certain he/she and the rented vehicle are protected.

Aplt. App'x at 12. Ms. Baker signed the Rental Agreement directly below this text and filled in blanks on the form listing her insurance company as American

Family, as well as her insurance agent's name, her liability limits, and her deductibles under her American Family policy.

Ms. Baker was driving under the influence of alcohol on November 21, 2007, when the rental car went off the road and flipped over. Mr. Smith was thrown from the car and suffered serious injuries. He presented claims against Ms. Baker to her insurance company, American Family, and to A-OK's insurance company, Lincoln General. He also filed a negligence action against Ms. Baker in Kansas state court, seeking damages for his injuries resulting from the accident. American Family paid Mr. Smith the policy limit under Ms. Baker's policy. Lincoln General denied coverage for the accident, but provided Ms. Baker a defense in Mr. Smith's state-court action, pursuant to a reservation-of-rights agreement. Lincoln General filed this declaratory judgment action against Defendants in the district court, seeking a determination that the LG Policy provides no liability coverage to Ms. Baker for the rental-car accident.

A-OK was the named insured under the LG Policy, which covered certain autos owned by A-OK, including the rental car, from April 1, 2007 to April 1, 2008. An endorsement to the LG Policy provided: "The following are insureds. . . . [t]he rentee subject to all conditions set forth in this endorsement and any other person authorized by the rental agreement held by the rentee." Aplt. App'x at 133. The same endorsement also defined "rentee" and "rental agreement":

"Rentee" means a holder of a rental agreement with you[1] which provides for the holder's use of an automobile for a period of less than one year.

"Rental Agreement" means the (auto) rental contract between you and the rentee. This agreement states [t]he limit of liability you are providing the rentee. This agreement states that such limit of liability provided for the rentee is excess insurance over any other liability insurance coverage available to the rentee.

*Id.* at 134. The endorsement also included the following provision under the heading "GENERAL CONDITION - OTHER INSURANCE":

The insurance provided by this policy for the rentee is subject to the terms, conditions, restrictions and limitations contained in the rental agreement, provided that our limit of insurance under the "Liability Coverage" cannot be and is not enlarged or expanded beyond the limit shown on the declarations page attached to this policy.

*Id.*

In granting summary judgment in Lincoln General's favor, the district court relied on a provision of the Kansas Automobile Injury Reparations Act (KAIRA) that permits an insurer to exclude coverage "while any insured vehicles are . . . [r]ented to others." Kan. Stat. Ann. § 40-3107(h)(1). The court cited the LG Policy endorsement making coverage for a rentee subject to the terms and conditions of the rental agreement, which in this case stated that A-OK was not providing any type or kind of insurance to Ms. Baker. The court concluded that, reading the terms of the LG Policy and the Rental Agreement together, it is clear

---

[1] The term "you" refers to A-OK, the named insured. *See* Aplt. App'x at 87, 100.

-4-

that the LG Policy did not provide liability coverage to Ms. Baker for the rental-car accident.

Defendants moved for reconsideration, arguing that the Rental Agreement had expired by its terms two weeks after the rental period began and before the date of the accident; therefore, A-OK's disclaimer of insurance coverage was inoperative at the time of the accident. The district court denied the motion, stating, "What defendants seek is for the court to change its ruling based upon information which could have been, but was not, presented earlier. This is not an appropriate basis for reconsideration." Aplt. App'x at 270. Defendants filed timely notices appealing the district court's summary judgment order and judgment and the court's denial of their motion for reconsideration.

## II.

We review the district court's grant of summary judgment de novo. *Commerce Bank, N.A. v. Chrysler Realty Corp.*, 244 F.3d 777, 779 (10th Cir. 2001). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] We also review the district court's

---

[2] Rule 56 was amended effective December 1, 2010. The summary judgment standard previously enumerated in subsection (c) was moved to subsection (a), and the amendment made one word change from the previous version–genuine "issue" became genuine "dispute." Fed. R. Civ. P. 56 advisory committee note (2010 Amendments). But the "standard for granting summary judgment remains

(continued...)

application of Kansas law de novo.  *See Commerce Bank*, 244 F.3d at 780.  We

review the district court's denial of a motion for reconsideration for an abuse of

discretion.  *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir.), *cert.*

*denied*, 131 S. Ct. 163 (2010).  "We will not disturb such a decision unless we

have a definite and firm conviction that the lower court made a clear error of

judgment or exceeded the bounds of permissible choice in the circumstances."  *Id.*

(quotation omitted).

### III.

### A.

A-OK owned the rental car involved in the accident.  Under KAIRA,

"[e]very owner shall provide motor vehicle liability insurance coverage in

accordance with the provisions of this act for every motor vehicle owned by such

person."  Kan. Stat. Ann. § 40-3104(a).  This section "does not require every

vehicle owner to provide primary coverage, or even any coverage, in all

circumstances, but rather it requires that coverage be provided in accordance with

the other KAIRA provisions."  *Farm Bureau Mut. Ins. Co. v. Enter. Leasing Co.*

*of Kan.*, 58 P.3d 751, 753 (Kan. Ct. App. 2002).  For instance, under Kan. Stat.

Ann. § 40-3104(f), "a self-insurer may not entirely exclude coverage for a rental

driver, but it is only required to provide liability coverage on rented vehicles

---

[2](...continued)
unchanged."  *Id.*

when an authorized driver does not have his or her own liability coverage."

*Enter. Leasing*, 58 P.2d at 754. Section 40-3107(h)(1), which the district court

relied on in granting Lincoln General summary judgment, provides that

"notwithstanding any other provision contained in this section, any insurer may

exclude coverage required by subsections (a), (b), (c) and (d) of this section while

any insured vehicles are . . . [r]ented to others."[3] This provision "permits an

insurer to exclude liability coverage while the insured vehicle is being rented to

others." *Enterprise Leasing*, 58 P.3d at 753.

The district court held that Lincoln General had validly excluded liability

coverage for Ms. Baker's use of the rental car, as authorized under Kan. Stat.

Ann. § 40-3107(h)(1), through the LG Policy's incorporation of the terms and

conditions of the Rental Agreement. Defendants contend that the district court

erred because A-OK cannot exclude liability coverage on a rental car under

---

[3]     Subsections (a) - (d) of § 40-3107 set forth required contents of motor
vehicle liability insurance policies, including subjection (b), which mandates that

> [e]very policy of motor vehicle liability insurance issued by an
> insurer to an owner residing in this state shall:
> . . . .
> (b) insure the person named and any other person, as insured, using
> any such vehicle with the expressed or implied consent of such
> named insured, against loss from the liability imposed by law for
> damages arising out of the ownership, maintenance or use of any
> such vehicle within the United States of America or the Dominion of
> Canada, subject to the limits stated in such policy.

Kan. Stat. Ann. § 40-3107(b).

Kansas law, as it is neither a self-insurer nor an insurer. Moreover, Defendants argue that incorporation of the terms of the Rental Agreement into the LG Policy was also ineffective to exclude coverage because (1) the incorporation language in the LG Policy is not sufficiently specific under Kansas law and (2) it relies on the insured's, rather than the insurer's, exclusion of coverage. Finally, Defendants renew their assertion, made for the first time in their motion for reconsideration, that the exclusion of coverage in the Rental Agreement is not enforceable because the agreement expired before the date of the accident.

### *B.*

The parties do not cite, nor have we found, a Kansas case directly on point. "Because the Kansas Supreme Court has not addressed the issue involved, we must predict how it would decide the question. In making this determination we may look to other state court decisions, federal decisions, and the general trend and weight of authority." *Commerce Bank*, 244 F.3d at 780 (citation and quotation omitted).

Lincoln General contends that (1) the Rental Agreement controls the rights and duties of A-OK and Ms. Baker and (2) A-OK was permitted to exclude insurance coverage for its rental cars in its rental agreements pursuant to Kan. Stat. Ann. § 40-3104(f). We agree with Defendants that, because A-OK is not a self-insurer, § 40-3104(f) is not applicable to A-OK. *See Enter. Leasing*, 58 P.3d at 754 (noting that § 40-3104(f) applies only to self-insured rental-car

companies).  Nor can this case be resolved by looking solely to the terms of the

Rental Agreement, without reference to the LG Policy terms.  In *State Farm*

*Mutual Automobile Insurance Co. v. Winney*, 923 P.2d 517, 518 (Kan. Ct. App.

1996), the driver of a Budget rental car struck another vehicle.  The Kansas Court

of Appeals considered whether Budget's insurance policy or the rental-car

driver's policy provided primary coverage for the damages sustained by the other

driver.  *See id.* at 518-19.  Budget's rental agreement stated that "Budget does not

provide Renter with liability insurance coverage."  *Id.* at 519.  Despite this

provision in the rental agreement, however, the court looked to Budget's liability

policy issued by its insurer and concluded that the policy provided primary

coverage for the accident.  The court noted that, "although  K.S.A. 40-3107(h)

allows an owner to exclude from coverage any vehicle while it is being rented,

Budget's *policy* has no such provision."  *Id.* at 519 (emphasis added).  Thus, in

the absence of such an exclusion in the policy, the court concluded that it

provided coverage.  *See id.*[4]  The issue we must resolve, then, is whether the LG

Policy excluded coverage for rented vehicles, as authorized by § 40-3107(h)(1).

---

[4]      We disagree with Defendants' contention that *Winney* is inapposite
because, like *Enterprise Leasing*, it involved a self-insurer.  The court in *Winney*
addressed whether a policy issued to Budget by an insurance company provided
primary coverage for an accident involving one of its rental cars.  *See* 923 P.2d at
518-19.  The court concluded that it did, but also determined that a
self-insured-retention endorsement in the policy, which the court characterized as
a deductible, required Budget to cover the first $250,000 of the loss.  *See id.* at
519.  The court did not cite or apply § 40-3104(f), the provision applicable to
self-insurer rental-car companies.

## C.

Under Kansas law, the construction of a written instrument and its legal effect are questions of law. *See Catholic Diocese of Dodge City v. Raymer*, 840 P.2d 456, 458 (Kan. 1992).

> The language of a policy of insurance, like any other contract, must, if possible, be construed in such manner as to give effect to the intention of the parties. Where the terms of a policy of insurance are ambiguous or uncertain, conflicting, or susceptible of more than one construction, the construction most favorable to the insured must prevail.

*Id.* at 459. Special rules of construction apply to exclusions of coverage in insurance policies. "In Kansas, the general rule is that exceptions, limitations, and exclusions to insuring agreements require a narrow construction on the theory that the insurer, having affirmatively expressed coverage through broad promises, assumes a duty to define any limitations on that coverage in clear and explicit terms." *Id.* at 462. Thus, "[i]f the insurer intends to restrict or limit coverage provided in the policy, it must use clear and unambiguous language in doing so." *Id.* at 459.

> To be ambiguous, a contract must contain provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language. Ambiguity in a written contract does not appear until the application of pertinent rules of interpretation to the face of the instrument leaves it genuinely uncertain which one of two or more meanings is the proper meaning.

*Id.*

The LG Policy provided that a "rentee" was an insured "subject to all conditions set forth in this endorsement." Aplt. App'x at 133. Defendants contend that Ms. Baker, as a holder of a rental agreement with A-OK, was a rentee and therefore an insured under the terms of the LG Policy. We agree, unless some exclusion applied. The applicable endorsement did not state that coverage was excluded while A-OK's insured vehicles were rented to others. It did specify, however, that "[t]he insurance provided by this policy for the rentee is subject to the terms, conditions, restrictions and limitations contained in the rental agreement." *Id.* at 134. Defendants contend that this provision was insufficient to exclude coverage under Kansas law. But we conclude that the Kansas Supreme Court would apply pertinent rules of contract interpretation to find that Lincoln General intended to incorporate into the LG Policy the terms and conditions of the Rental Agreement, which therefore must be considered to determine the extent of coverage in this case.

"Separate documents may become a part of a contract of insurance . . . by a clear reference in the policy that they are intended to be a part thereof. To have this effect, the intent to incorporate them should be plainly manifest and not dependent upon implication." 2 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance*, § 18:25 (3d ed., online version 2010) (footnotes omitted). The Kansas Court of Appeals applied this rule of construction in holding that declarations recorded on the face sheet of a policy were incorporated by reference into the

-11-

policy, where the policy referred to "the declarations made a part hereof" and provided that the agreement was "in reliance upon the statements in the declarations." *Thompson v. Harold Thompson Trucking*, 748 P.2d 430, 434 (Kan. Ct. App. 1987) (quotations omitted); *see also Sw. Nat'l Bank v. Simpson & Son, Inc.*, 799 P.2d 512, 518-519 (Kan. Ct. App. 1990) (holding separate document was incorporated into agreement that stated it was to be used only with the separate document). Here, there is no ambiguity regarding Lincoln General's intent to incorporate the terms of the Rental Agreement into the LG Policy, which clearly stated that the "insurance provided by this policy for the rentee is subject to the terms, conditions, restrictions and limitations contained in the rental agreement." Aplt. App'x at 134.

Defendants have cited no Kansas authority precluding a rental-car company's insurer from making a rentee's liability coverage subject to the terms and conditions of the rental agreement. Nor do they cite any case holding that an insurer cannot incorporate into the policy a rental-agreement term excluding coverage for a rentee. Other courts have looked to the terms of a vehicle rental agreement to determine the extent of insurance coverage, when those terms were incorporated into a liability policy using substantially similar language as that used by Lincoln General in the LG Policy. In *Ryder TRS, Inc. v. Randazzo*, 81 S.W.3d 669, 672 (Mo. Ct. App. 2002), the policy language stated that the coverage provided to a rentee of a moving van was subject to the terms and

conditions of the rental agreement. Although the policy had a coverage limit of $2 million, the rental agreement limited coverage to $25,000. *See id.* at 672-73. The court held that the policy language and rental agreement terms were unambiguous in limiting the coverage available to a rentee to that lesser amount. *See id.* at 673; *see also Harrison v. Ford Motor Credit Co.*, 655 A.2d 931, 932-33 (N.J. Super. Ct. App. Div. 1994) (construing policy issued to rental-car company, which incorporated terms of rental agreement, as limiting coverage for rentees to the minimum dollar amount required by law, per language in the rental agreement); *Leinas v. Liberty Mut. Ins. Co.*, 642 N.E.2d 598, 598-99 (Mass. App. Ct. 1994) (same); *Guardian Ins. Co. of Can. v. Liberty Mut. Ins. Co.*, 742 F. Supp. 626, 627, 629 (M.D. Fla. 1990) (same, applying Florida law). We conclude that, like these other courts, the Kansas Supreme Court would look to the terms of a rental agreement incorporated into a rental-car company's insurance policy to determine the extent of the rentee's coverage.

### D.

The question remains whether the LG Policy and Rental Agreement terms clearly and unambiguously excluded liability coverage for Ms. Baker with respect to the rental-car accident. The Rental Agreement provided that "no insurance coverage of any kind or type is provided by rentor" and "the rentor is not providing any type of insurance protection." Aplt. App'x at 12. The Rental

-13-

Agreement further advised Ms. Baker "to contact []her insurance agent or broker to make certain []she and the rented vehicle are protected." *Id.*

Defendants argue that, because the Rental Agreement only excluded insurance coverage "provided by rentor," the broad reference to "no insurance coverage of any kind or type" does not encompass coverage under the LG Policy by Lincoln General. Thus, they maintain that coverage under the LG Policy for a rentee was not excluded because it was not "provided by" A-OK. We reject Defendants' contention. First, KAIRA requires every vehicle owner to "provide" liability insurance in accordance with the act. Kan. Stat. Ann. § 40-3104(a) ("Every owner shall provide motor vehicle liability insurance coverage in accordance with the provisions of this act for every motor vehicle owned by such person . . . ."). As Defendants emphasize, A-OK is neither an insurer nor a self-insurer; thus, the only insurance coverage A-OK could "provide" for its rental cars was the coverage under the LG Policy. Moreover, Defendants' construction fails to read the Rental Agreement and LG Policy terms together. In the LG Policy, Lincoln General unambiguously made coverage for a rentee subject to the terms and conditions in the Rental Agreement. Thus, a reasonable person reading the LG Policy, along with the statement in the Rental Agreement that no insurance of any kind or type is provided by rentor, would not conclude that she had coverage under the LG Policy as a rentee of A-OK. We hold that the

LG Policy unambiguously excluded liability coverage for Ms. Baker's use of the rental car, as authorized by § 40-3107(h)(1).[5]

### E.

In their final contention, Defendants assert that the exclusion of coverage in the Rental Agreement was ineffective because the agreement had already expired by its terms two weeks after the rental period began and before the date of the accident. They raised this argument for the first time in their motion for reconsideration. The district court denied their motion because they failed to support it with any ground warranting reconsideration of the court's summary judgment ruling. Specifically, the court held that Defendants could have, but did not, make their argument regarding expiration of the Rental Agreement in response to Lincoln General's summary judgment motion, nor did they explain why they failed to do so. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A motion for reconsideration] is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). Defendants identify no abuse of discretion in the district court's denial of their motion for reconsideration. Nor do we accept their invitation to address the merits of their argument for the first time on appeal. *See*

---

[5]     We note that Ms. Baker had her own insurance policy that provided coverage for her as the driver of the rental car. In a case where the rentee has no insurance, there may be public policy concerns with respect to an exclusion of coverage. But we need not, and do not reach that issue in this case.

*O'Connor v. City & Cnty. of Denver*, 894 F.2d 1210, 1214 (10th Cir. 1990)

("[W]e will not consider claims abandoned in the district court.").

      The judgment of the district court is AFFIRMED.

<br>

                                    Entered for the Court


                                    David M. Ebel
                                    Circuit Judge